385 So.2d 336 (1980)
Ralph T. THORNHILL, Individually and as Administrator of the Estate of his Minor Son, Allen Arthur Thornhill
v.
BLACK, SIVALLS & BRYSON, INC., et al.
No. 13240.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
Rehearing Denied June 9, 1980.
*337 H. Alva Brumfield, III, Emile Rolfs, III, Baton Rouge, of counsel, for plaintiff-appellant, Ralph T. Thornhill, Individually, etc.
A. Michael Dufilho, Baton Rouge, of counsel, for defendants-appellees, Black, Sivalls & Bryson, Inc., et al.
Ben Louis Day, Baton Rouge, John Barkley Knight, Jr., Winnsboro, of counsel, for intervenors-appellees, U. S. Fidelity & Guaranty, Co., Inc., Clayton Grain Elevator, Inc., Mayes H. Brister, Larry W. Robinson and William E. Moroni.
William B. Ragland, Lake Providence, of counsel, for defendants-appellees, Otis C. Raley & Walter Beebe.
Dermont S. McGlinchey, and J. Michael Johnson, New Orleans, of counsel, for intervenor-appellee, Screw Conveyor Corp.
Before EDWARDS, LEAR and WATKINS, JJ.
LEAR, Judge.
This is an appeal from the granting of a summary judgment in favor of defendant-appellee, Screw Conveyor Corporation, who manufactured and sold an auger type conveyor system which was used in the construction of two silos in a grain storage facility.
Allen Thornhill, then a minor, was directed by his employer, Clayton Grain Elevator, Inc., to enter one of the empty silos in order to sweep the residual soy beans into the conveyor.
The screw-type auger conveyor system consisted of a trough recessed into the floor of the silos containing the auger and a cover. The auger would transport the grain through the trough by means of three access openings which could be closed individually. At the time of his injury, plaintiff was walking along the perimeter of the bin dislodging grain from the walls and sweeping same into the auger when he inadvertently stepped into an access opening. This resulted in his left leg being pulled into the trough which later resulted in its amputation.
In written reasons for judgment, the trial court stated, "Mr. Thornhill's deposition indicates that he was aware that the auger was in operation at the time of his entry into the bin and that he the aware that this was a potential source of injury." This deposition of Allen Arthur Thornhill, taken April 11, 1979, was also quoted in part in the memorandum in support of defendant's supplemental motion for summary judgment, but was not filed in evidence and made part of the record sent up on appeal.
Screw Conveyor Corporation sold the conveyor system to the former owner and operator of the silos and did not install the system or make the modifications consisting of the access openings.
The trial court granted summary judgment on the basis that appellee had merely sold component parts of the conveyor system and had no part in the design, installation or construction of the grain elevator. The court further held that the modification of the auger cover was made by the purchaser and appellee had no control over this modification and that inasmuch as the danger was obvious to plaintiff no duty to warn can be imputed to appellee.
There are a number of other defendants involved in this suit; however, this appeal concerns only the granting of summary judgment to Screw Conveyor Corporation.
LSA-C.C.P. 966 provides for summary judgment and reads as follows:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move *338 for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time."
Inasmuch as this is an appeal from the granting of summary judgment, this court must decide whether there exists any genuine issue as to a material fact in the claim against defendant-appellee.
Appellant contends first that the assembled auger consisting of the trough, screw and cover was defective. The trial judge concluded that the modification, consisting of access openings, was not made by appellee and therefore there was no negligence attributable to appellee. We must conclude from the record that the alleged defect did not exist when appellant relinquished control of the device to the purchaser. In view of this we must agree with the trial court.
See Second Restatement of Torts, § 402 A, Comment "G":
"The rule stated in this Section applies only where the product is, at the time it leaves the seller's hands, in a condition not contemplated by the ultimate consumer, which will be unreasonably dangerous to him. The seller is not liable when he delivers the product in a safe condition, and subsequent mishandling or other causes make it harmful by the time it is consumed. The burden of proof that the product was in a defective condition at the time that it left the hands of the particular seller is upon the injured plaintiff; and unless evidence can be produced which will support the conclusion that it was then defective, the burden is not sustained."
Appellee also contends that appellant owed a duty to warn of the danger involved, citing Chappuis v. Sears Roebuck and Co., 358 So.2d 926 (La.1978). In Chappuis the plaintiff was injured by a defective hammer which he did not know, nor could he be reasonably expected to know, was defective.
One limitation commonly placed upon the duty to warn is that the manufacturer is not liable for dangers known to the user, or obvious to him. (See Prosser, Law of Torts, Pg. 649.) Appellant in his deposition (Pages 49-50) readily admits that the danger was clear.
In Leonard v. Albany Machine and Supply Co., 339 So.2d 458 (La.App., 1st Cir. 1976), this court rejected plaintiff's contention that defendant owed a duty to warn where the user knew of the danger. In Leonard a sawmill employee was killed when a piece of lumber ejected from a trimmer struck him in the head. The court stated that both the purchasers and users of the trimmer knew of its propensity to throw cutoffs. We must therefore conclude, as did the trial judge, that there are no genuine issues as to material facts.
The judgment of the trial court is affirmed, appellant to pay costs.
AFFIRMED.