467 So.2d 1141 (1985)
ILLINOIS CENTRAL GULF RAILROAD COMPANY
v.
TEXACO, INC.
No. 84-CA-458.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
Rehearing Denied May 17, 1985.
Writ Denied June 17, 1985.
Murphy J. Foster, III, Breazeale, Sachse & Wilson, Baton Rouge, for plaintiff-appellant.
Gary A. Bezet, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, for defendant-appellee.
Before BOUTALL, CURRAULT and GAUDIN, JJ.
GAUDIN, Judge.
The Illinois Central Gulf Railroad instituted this proceeding against Texaco, Inc. in the 23rd Judicial District Court, alleging wrongful conversion of the contents of a tank car. Texaco's exception of no right of action[1] was maintained and the case dismissed.
On appeal, ICGRR argues that it had spelled out a right and a cause of action against Texaco and that the trial judge had mechanicallyand erroneouslyapplied a rigid procedural rule proclaimed in Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957).
*1142 Texaco, in response, contends that the exception was properly maintained and that this case should be remanded to the district court so that ICGRR can file an amended petition. We agree with Texaco's position.
The facts, generally, are not in dispute. In February, 1981, ICGRR mistakenly left a tank car containing monoethanolamine belonging to Air Products & Chemical Company on a Texaco spur track along with other tank cars consigned to Texaco and containing butane. The tank car with monoethanolamine should have been deposited elsewhere.
ICGRR did not realize its error for almost two weeks. Meanwhile, Texaco had unloaded the monoethanolamine, thinking it was butane.
Because ICGRR felt that it, as a rail carrier, was strictly liable for lost goods, in accord with the Carmack amendment to the Interstate Commerce Act, 49 U.S.C. Section 20(11), it paid $91,940.42 to Air Products, this sum being the value of the monoethanolamine. ICGRR then filed the instant suit against Texaco, which in turn reconvened for damages suffered by it as a result of ICGRR's mistake.
Following extensive discovery, Texaco filed an exception of no right of action, a peremptory exception listed under LSA-C. C.P. Art. 927.
ICGRR's petition recites the events leading up to the alleged wrongful conversion, then states in the final paragraph:
"On account of the wrongful conversion of the monoethanolamine by defendant's employees, petitioner was obliged to pay to its owner, Air Products & Chemicals Company of Geismar, Louisiana, the sum of $91,940.42, and to the extent of this payment has become subrogated to the right of Air Products & Chemicals Company against the defendant herein."
(Underlining provided.)
ICGRR argues that it became subrogated to Air Products' rights by operation of law rather than by virtue of a formal subrogation agreement or contract with Air Products. This, however, runs afoul of the Forcum-James decision, which, in part, reads:
"It is a basic principle of law that a tortfeasor is responsible only for the direct and proximate result of his acts and that, where a third person suffers damage by reason of a contractural obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex delicto, in the absence of subrogation.
"This appears to be the general rule, to which the Supreme Court of the United States has given its stamp of approval. Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 135, 72 L.Ed. 290 [1927]. In that case, Justice Holmes remarked that `... no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. The law does not spread its protection so far.'"
In Forcum-James, an overloaded truck owned by Duke Transportation Company fell through a temporary bridge owned by the State of Louisiana and part of the State's highway system. Forcum-James, a contractor, repaired the bridge under contract with the State and then sued Duke. The Supreme Court ruled that because the State owned the bridge, it alone would file against Duke unless the State subrogated this right to Forcum-James.
ICGRR contends that the firm Forcum-James doctrine was dented by PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984). Bean's dredging operations had damaged a pipeline owned by Texaco, and Texaco couldn't supply PPG with gas. PPG obtained gas at an increased cost from another source, then sued Bean.
The Supreme Court of Louisiana said that while Bean was responsible for Texaco's losses, it was not liable to PPG. From the decision:

*1143 "A judge, when determining whether the interest of the party seeking recovery of damages is one that falls within the intended protection of the rule of law whose violation gave rise to the damages, should consider the particular case in the terms of the moral, social and economic values involved, as well as with a view toward the ideal of justice. See Entrevia v. Hood, 427 So.2d 1146 (La. 1983) ...
"If any of PPG's employees were laid off while PPG sought to obtain another source of fuel for its plant, they arguably sustained damages which in all likelihood would not have occurred but for defendant's negligence. If any of PPG's customers had contracted to purchase products that PPG could not produce and deliver because of the accident, perhaps they sustained damages which in all likelihood would not have occurred but for defendant's negligence. Because the list of possible victims and the extent of economic damages might be expanded indefinitely, the court necessarily makes a policy decision on the limitation of recovery of damages. See James, Limitations on Liability for Economic Loss Caused by Negligence; A Pragmatic Approach, 25 Vand.L.Rev. 43 (1972).
"We conclude that the duty allegedly violated in the present case did not encompass the particular risk of injury sustained by PPG and did not intend protection from the particular loss for which recovery is sought in PPG's petition."
Dissenting, Justice Calogero wrote:
"I applaud the majority's applying a duty risk analysis in the consideration of tort recovery for negligent interference with contractral relations, and its abandoning the per se exclusion of such damages which our courts have heretofore adopted on the heels of Robins and Forcum-James.

"Where I disagree, is in the majority's determination that PPG's economic loss, from added fuel cost, is not a risk encompassed within the duty not to negligently injure Texaco's pipelines. PPG's loss of profits; PPG's employees' loss of jobs and income; PPG's customers' losses, because PPG could not produce and deliver; are all economic losses which might properly be determined to fall outside the scope of the protection intended by the law's imposing a duty on dredging contractors not to damage pipelines negligently. The same cannot be said for PPG's added fuel cost.
"Bean was dredging the waterway that ran right along the side of PPG's plant. There were signs along the waterway warning of the existence of the gas pipeline and cautioning against dredging in the area. There were also maps of the water bottom showing the pipelines. At the time Bean negligently dredged through the waterway, there could have been no doubt to anyone that the pipeline in question was providing PPG with its fuel to run its plant. The damages suffered by PPG were not unforeseen, at least as far as the added fuel costs go. "If PPG is to be denied its added fuel cost I can perceive no instance in which a non-owner of negligently damaged property may recover from a tortfeasor. In light of the result here it would probably have been better if the majority had simply affirmed the jurisprudential rule established in Robins and Forcum-James which has prevailed so long."
If PPG's loss did not result because of a breach of duty owed it by Bean, Justice Calagero's dissent notwithstanding, we cannot say in the instant case, considering the pleaded facts and circumstances, that ICGRR's losses resulted from a breach of duty owed the railroad by Texaco.
ICGRR further argues that the trial judge erred in not considering alternate causes of action, as implied indemnity, depositary and LSA-C.C. Art. 2134, reimbursement. The relatively brief, one and one-half page petition filed by the railroad dwells only on wrongful conversion and does not attempt to spell out any other right or cause of action. The trial judge *1144 correctly disregarded any alternative right or cause of action as none was asserted.
In summary, the trial court acted properly in maintaining the exception of no right of action because (1) ICGRR presented no subrogation agreement and fell prey to the long-standing Forcum-James rule that allows recovery only to the owner of damaged goods or its subrogee, (2) a duty risk analysis of ICGRR's alleged facts and circumstances, in light of PPG Industries, Inc. v. Bean Dredging, supra, would not give ICGRR a right of action and (3) alternative rights or causes of action were not incorporated into the petition.
Nonetheless, as Texaco suggests, ICGRR should be given an opportunity to amend its petition, a mandate of LSA-C.C.P. Art. 934:
"When the grounds of the objection pleaded by peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
(Underlining provided.)
For these reasons, we affirm the maintenance of Texaco's exception of no right of action and we remand this matter to the district court with instructions to the trial judge to order an amended petition within a specified, reasonable time. Failure to adhere to the order to amend will result in dismissal of the suit in accord with Art. 934.
AFFIRMED IN PART AND REMANDED.
BOUTALL, J., concurs.
BOUTALL, Judge concurring:
I agree with the opinion based on Forcum-James Company v. Duke Transportation Company, 231 La. 953, 93 So.2d 228 (1957) which controls the case. However the application of those principles lead to unjust results and either Forcum-James should be overruled or at least closely limited.
In this case ICGRR was required to pay the owner of the chemical the value of the lost goods under 49 U.S.C. Section 20(11). That statute imposes a legal obligation on the carrier to pay the owner. This is in addition to any other remedy under federal or state law. Under a duty-risk analysis, the operation of that statute makes the loss to the carrier apparent and foreseeable and results in a legal subrogation under L.C.C. art. 2161(3).
NOTES
[1] While the judgment indicates that Texaco's no cause of action exception was being maintained, this was apparently inadvertent. Texaco filed a no right of action exception and in his "Reasons for Judgment," the trial judge stated: "It is the opinion of this Court that the petition of plaintiff fails to disclose a right of action."