575 So.2d 519 (1991)
Berit Irene MYHRE
v.
James ERLER.
No. 90-CA-672.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 1991.
Robert O. Homes, Jr., Gulfport, for plaintiff/appellant.
William M. Detweiler, J.D., New Orleans, for defendant/appellee.
Before BOWES, GRISBAUM and WICKER, JJ.
WICKER, Judge.
Berit Irene Myhre, the plaintiff, appeals the dismissal of her suit against James Erler on an exception of no right of action. The parties were husband and wife at the time the suit was filed but had been divorced by the time of the hearing on the exception. We affirm in part, reverse in part, and remand.
Erler allegedly beat his wife on October 15, 1984, resulting in serious injuries. She filed suit for divorce on May 28, 1985; and she filed a tort suit against Erler on October 11, 1985. The parties were divorced on February 28, 1986.
Erler filed exceptions of no right of action, no cause of action, and lack of jurisdiction shortly after suit was filed. However, the exceptions were not heard until August 24, 1989. The apparent basis for the exceptions was interspousal immunity. In granting the exception of no right of action, the judge stated:
[P]laintiff's right to bring this action is prescribed by Louisiana Revised Statute *520 9:291. At the time of the filing of the petition, the plaintiff and defendant were married, and not judicially separated. A spouse does not have the right of action during the existence of the marriage to file such a pleading. The exception is based on this petition, and the Court must look to the time of filing of this pleading. Duplechin v. Toce, 497 So.2d 763 (La.App. 3rd Cir.1986).
Myhre argues that the judge erred in three respects: in granting Erler's exception of no right of action, in failing to decide Erler's exceptions of no cause of action and lack of jurisdiction, and in failing to allow her to amend her petition to cure any problems.
The governing statute is La.R.S. 9:291:
Unless judicially separated, spouses may not sue each other except for causes of action arising out of a contract or the provisions of Title VI, Book III of the Civil Code; restitution of separate property; for divorce, separation from bed and board, and causes of action pertaining to the custody of a child or alimony for his support while the spouses are living separate and apart, although not judicially separated.
(La.R.S. 9:291 was amended by Acts 1990 to eliminate the reference to separation from bed and board.) "Interspousal immunity exists to maintain domestic tranquility and promote stability of the family unit." Hamilton v. Hamilton, 522 So.2d 1356, 1359 (La.App. 2nd Cir.1988). Under the circumstances of this case, however, domestic tranquility and stability are not factors, since the issue is this husband's beating of his wife and the parties have long since divorced. Therefore, the purposes of La.R.S. 9:291 are not served by dismissing Mrs. Myhre's petition.
This issue has been addressed by the Third Circuit in Duplechin v. Toce, supra at 765, writ denied, 499 So.2d 86 (La. 1987),
It is well settled that the interspousal immunity created by this statute does not destroy any cause of action which one spouse might have against the other. The effect of this statute is to bar the right of action which one spouse has against the other for any such cause of action. The question presented here is whether the right of action is forever barred as to causes of action arising during the marriage or whether, on the other hand, this statute merely suspends the cause of action until such time as the spouses may be judicially separated or the marriage ends in divorce. This issue was addressed only once previously by the First Circuit in Gremillion v. Caffey, 71 So.2d 670 (La.App. 1st Cir.1954). In that case, the court cited La.C.C. art. 159 and stated that:
Under the express terms of the above cited article the judgment of absolute divorce between plaintiff and defendant rendered on February 10, 1953 removed the relative incapacity of the plaintiff to sue the defendant for the tort he committed on August 22, 1952 or, stated in another way, ended the abatement of her right of action which had existed during the continuation of the marriage, although she enjoyed a cause of action under Article 2315, LSA-C.C. By the judgment of divorce, plaintiff and defendant were placed "in the same situation with respect to each other as if no marriage had ever been contracted between them"
Suits between spouses have traditionally been prohibited on the theory that such suits disrupt domestic tranquility. However, once the marriage is ended, this would no longer seem to be a valid policy.... Accordingly, we find that it is the time of the judicial proceedings which controls the application of the Doctrine of Interspousal Immunity rather than the time of the occurrence of the tort. Further, since prescription is suspended as between spouses during the marriage, the plaintiff has both a cause and a right of action against her former husband.
We agree with the trial judge's ruling that, as of the time she filed her petition, Mrs. Myhre had no right of action against Mr. Erler. However, at the time of the ruling on the exception of no right of action plaintiff should have been allowed to *521 amend her petition to cure the grounds of the objection. La.C.C.P. art. 934.
This court in Tregre v. Tregre, 487 So.2d 705 (La.App. 1986), considered a related issue: the effect of a petition for divorce under La.R.S. 9:302 which was filed less than six months after the judgment of separation. We noted at page 707 that
The statutory law in La.C.C.P. art. 1155 also guides us by stating that, on motion of a party, the court may, upon reasonable notice and upon such terms as are just, permit the mover to file a supplemental petition setting forth causes of action which have become exigible since the date of filing the original petitin and which are related to or connected with the causes of action asserted therein.
The Fifth Circuit affirmed the trial judge's decision to allow such an amendment. We have also held the plaintiff who had failed to allege a right of action under a written subrogation agreement was entitled to amend. Illinois Cent. Gulf R. Co. v. Texaco, Inc., 467 So.2d 1141 (La.App. 1985), writ denied, 472 So.2d 27 (La.1985).
We affirm the judgment in favor of James Erler sustaining his exception. We reverse the judgment dismissing the petition of Berit Irene Myhre; we remand the case to the trial court, and we direct the judge to allow Mrs. Myhre to amend her petition within the delay allowed by the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.