JgPETTIGREW, J.
In this case, plaintiff appeals from the trial court’s judgment granting defendant’s motion to terminate spousal support. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
The parties in this case, Cynthia Diane Hutcheson Arnold and Jeffrey Travis Arnold, were divorced by virtue of a judgment of divorce signed by the trial court on June 21, 2000. Both Cynthia and Jeffrey signed the judgment of divorce, which, in addition to granting the divorce, also addressed ancillary matters such as custody and the settlement of the community property. The judgment granted the parties joint custody of their minor child, Katie, with Jeffrey being designated as the domiciliary parent. Further, with regard to spousal support, the judgment specifically provided as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, Jeffrey Travis Arnold, be and is hereby ordered to pay alimony in the amount of THREE HUNDRED AND NO/100 ($300.00) DOLLARS per month unto Petitioner, Cynthia Diane Hutche-son, payable on the 1st day of each month, and each subsequent month thereafter, beginning on the 1st day of April, 2000 for a period of forty-eight (48) consecutive months[.]
Subsequent to the signing of this judgment, Jeffrey filed a pleading entitled “Petition For Temporary Restraining Order, Rule To Show Cause Why Preliminary And Permanent Injunction Should Not Issue, To Set Child Support And Eliminate Obligation Of Spousal Support.” With regard to the issue of spousal support, Jeffrey alleged that Cynthia was living with a man named Van Pritchard, Jr. and, thus, was no longer entitled to spousal support. The matter proceeded to a hearing on March 1, 2001. Judgment was subsequently signed by the trial court on No *1169 vember 5, 2001, granting Jeffrey’s request that spousal support be terminated.[1] Said termination was granted retroactive to the date of the filing of the petition, July 18, 2000. It is from this judgment that Cynthia has appealed, assigning the following specifications of error:
1. The trial court erred in failing to find that payment of alimony (a/k/a spousal support) for a certain period of time and for a set amount was lump sum alimony and therefore not subject to termination.
|o2. Alternatively, the trial court erred in failing to find that the amount of alimony (a/k/a spousal support) stipulated to by the parties and reduced to a consent judgment was a binding contract between the parties and not subject to modification.
3. The trial court erred in finding that the defendant/mover carried his burden of proving a significant change in circumstances of at least one of the parties, from the time of the judgment to the time of trial.
DISCUSSION
At the outset, we note that the petition for divorce in the instant case was filed on March 28, 2000, after the effective date of 1997 La. Acts No. 1078 (the spousal support revision act), which amended and reenacted La. Civ.Code arts. Ill through 117.[2] Under the old law, as it existed *1170 prior to January 1, 1998, the date the spousal support revision [4act became effective, La. Civ.Code art. 112 provided for both permanent periodic alimony and lump sum alimony. A lump sum award required the parties’ consent thereto, but vested in the claimant spouse a right that was neither terminable upon remarriage or death nor subject to any modification.
[4] With the passage of 1997 La. Acts No. 1078, however, the laws governing spousal support were changed in several respects. The authorization”given the trial court in former Article- 112(B) to award alimony in a lump sum when the parties consented thereto is not found anywhere in the amended and reenacted articles dealing with spousal support. Rather, the awarding of rehabilitative support, with or without the parties’ consent, is now permitted under the terms of Article 112, as amended, which provides as follows:
A. The court must consider all relevant factors in determining the entitlement, amount, and duration of final support. Those factors may include:
(1) The needs of the parties.
(2) The income and means of the parties, including the liquidity of such means.
(3) The financial obligations of the parties.
(4) The earning capacity of the parties.
(5) The effect of custody of children upon a party’s earning capacity.
(6) The time necessary for the claimant to acquire appropriate education, training, or employment.
(7) The health and age of the parties.
(8) The duration of the marriage.
(9)The tax consequences to either or both parties.
B. The sum awarded under this Article shall not exceed one-third of the obligor’s net income.
As noted in the Revision Comments following Article 112, “[t]he sixth factor listed in this Article, coupled with the word ‘duration’ in the first sentence of the Article, permits the court to award rehabilitative support and other forms of support that terminate after a set period of time.” The Revision Comments to Article 112 continue, noting that “[ojther factors may also form the basis of a fixed-duration award, but it is contemplated that such awards will ordinarily be based upon the assumption that certain facts (such as employment of the recipient) will occur within the term fixed in the judgment awarding support.” La. Civ.Code art. 112, Revision Comment (c). Thus, the Legislature clearly I.^intended to retain the court’s authority to order a fixed-duration award of rehabilitative support under certain circumstances.
In her first assignment of error, Cynthia argues that the trial court erred in failing to find that the spousal support ordered in this case was a lump sum award and therefore not subject to termination. She contends that because Jeffrey was ordered to pay spousal support in the amount of $300.00 per month for exactly 48 months, it was a lump sum award that is neither terminable upon remarriage or death nor subject to any modification. This argument is completely without merit.
As previously indicated, the Legislature has effectively abolished the concept of a lump sum award of spousal support. Rather, the courts can now, under certain *1171 circumstances, award rehabilitative spousal support that terminates after a set period of time. Accordingly, the argument that the spousal support ordered in the instant case was a lump sum award that is not subject to termination must fail. Moreover, there is no indication in the record of the instant case that the award of spousal support was in any way intended to be rehabilitative, and therefore, it does not qualify as such under the current law. Thus, our inquiry turns to whether there is evidence in the record to support the trial court’s decision to terminate the award in question. We note that the trial court offered no oral or written reasons indicative of why it granted Jeffrey’s request that spousal support be terminated. However, Jeffrey based his rule to terminate spousal support on the fact that Cynthia was currently living with another man and was no longer entitled to spousal support. Therefore, we will focus our attention accordingly in determining whether the trial court was in error in terminating Jeffrey’s obligation of spousal support.
Prior to the application of 1997 La. Acts No. 1078, Article 112(A)(4) provided that “[permanent periodic alimony ... terminates if the spouse to whom it has been awarded remarries or enters into open concubinage.” However, the Louisiana Civil Code no longer uses the phrase “open concubinage” to identify a manner of extinguishment of the spousal support obligation. Rather, with regard to the modification or extinguishment of a spousal support obligation, La. Civ. Code art. 115 requires “a judicial determination that |fithe obligee has cohabited with another person of either sex in the manner of married persons.” According to Revision comment (e), the new language used in Article 115, i.e., “cohabited ... in the manner of married persons,” means to live together in a sexual relationship of some permanence. It does not mean just acts of sexual intercourse, and it obviates the difficulties of proving absence of concealment inherent in the term “open concubinage.”
With regard to her living arrangements during the time in question, Cynthia testified that within one month of moving out of the marital domicile, her boyfriend, Van Pritchard, Jr., moved into her apartment with her. In fact, Cynthia and Van were still living together at the time of the hearing on March 1, 2001. Cynthia indicated that Van kept his personal belongings in the apartment; such as clothing, shaving cream, and razors. Cynthia acknowledged that her daughter Katie had visited with her in the apartment that she and Van shared and was aware that Van was living there. Van also testified about their living arrangements, noting that he and Cynthia never hid the fact that they were living together. Jeffrey testified that he knew that Cynthia was involved with another man following their breakup, and indicated that shortly after signing the divorce papers, he learned that Cynthia and Van were living together.
Following our review of the record in this case, we are satisfied that there is sufficient evidence to support a finding that Cynthia and Van “cohabited ... in the manner of married persons” as is required under Article 115 for the extin-guishment of the obligation of spousal support. Having found no error in the trial court’s termination of spousal support pursuant to Article 115, we need not address the remaining issues raised by Cynthia on appeal.
CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the trial court granting Jeffrey’s request to terminate spousal support. All costs associated with this appeal are assessed against plaintiff- *1172 appellant, Cynthia Diane Hutcheson Arnold.
AFFIRMED.

. Other ancillary matters were addressed in the November 5, 2001 judgment. However, only that portion of the judgment dealing with the termination of spousal support is before us now on appeal.

. Prior to its amendment by 1997 La. Acts No. 1078, Article 112 provided, in pertinent part, as follows:
Art. 112. Alimony after divorce; permanent periodic; lump sum.
A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
(2)In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The Income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse’s earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage.
B. (1) The court may award alimony in lump sum in lieu of or in combination with permanent periodic alimony when circumstances require it or make it advisable, and the parties consent thereto. In determining whether to award lump sum alimony, the court shall consider the needs of the claimant spouse and the financial condition of the paying spouse. In awarding lump sum alimony in lieu of or in combination with permanent periodic alimony, the court shall consider the criteria enumerated in Paragraph A of this Article, except the limitation to one-third of the paying spouse’s income, in determining entitlement and amount of alimony.
(2) A lump sum award may consist of immovable or movable property or may be *1170 a monetary award payable in one payment or in installments.
(3) A judgment which awards lump sum alimony shall vest in the claimant spouse a right which is neither terminable upon either spouse's remarriage or death, nor subject to modification.