Judge Paula A. Brown
This appeal involves a tort action between the plaintiff, Jo Schernbeck Hoddinott ("Plaintiff"), and the defendant, Reginald Kenning Hoddinott, III ("Defendant"). Plaintiff and Defendant were married. Following the finality of their divorce, Plaintiff filed a Petition for Damages against Defendant. Defendant filed a peremptory exception of res judicata . The district court granted Defendant's exception of res judicata and dismissed, with prejudice, Plaintiff's tort *235 suit. For the reasons set forth herein, the district court's judgment is reversed and remanded for further proceedings.
FACTS AND PROCEDURAL HISTORY
On September 3, 2013, Defendant filed a Petition for Divorce Pursuant to La. Civ. Code Art. 102 ("Petition for Divorce"). In response to the Petition for Divorce, Plaintiff filed, on January 16, 2014, an Answer and Reconventional Demand for 102 Divorce with No Minor Children, Incidental Matter and Injunctive Relief. On August 7, 2014, Plaintiff filed a Supplemental and Amended Answer and Reconventional Demand ("Amended Reconventional Demand"). In the Amended Reconventional Demand, Plaintiff sought a divorce from Defendant pursuant to La. C.C. art. 103(4), alleging specific instances of domestic abuse by Defendant during the marriage.
On September 3, 2014, a Judgment of Divorce was granted on Defendant's Petition for Divorce under Article 102. That same day, a Consent Judgment was entered by the parties and signed by the district court. The Consent Judgment provided for Defendant to pay rehabilitative spousal support in the amount of $4,000.00 per month to Plaintiff for a period of thirty-six months with the stipulation that the rehabilitative spousal support not be terminated, increased, and/or decreased by either party "for any reason whatsoever." Additionally, the Consent Judgment provided in pertinent part:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any claims made pursuant to Art. 103(4) for a divorce based on physical violence and/or Art. 113 for interim support based upon an Art. 103(4) divorce based on physical violence are hereby dismissed with prejudice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any claims made pursuant to Art. 112 and La. R.S. 9:327 for final periodic spousal support based upon domestic abuse are hereby dismissed with prejudice.
On August 27, 2015, Plaintiff filed a petition seeking damages under La. C.C. art. 2315 ("the Petition").[1] The Petition set forth specific instances of domestic abuse during the marriage including those set forth in the Plaintiff's Amended Reconventional Demand. Plaintiff asserted that because of Defendant's actions, she suffered intentional infliction of emotional distress. Specifically, Plaintiff alleged:
[S]he has suffered severe emotional mental distress and numerous physical injuries as a result of the acts of domestic abuse and violence, controlling behavior and intimidation ... including but not limited to bruises to her neck, back and arms, open wounds to her arms and legs, severe migraine headaches, depression, anxiety and PTSD and is entitled to recover special and general damages.
Plaintiff prayed for damages including:
• past, present, and future psychological and medical treatment and expenses;
• general and compensatory damages for physical pain and suffering;
• damages for emotional, financial, and sexual abuse; and
• damages for the intentional infliction of emotional distress.
On May 18, 2016, Defendant filed a peremptory exception of res judicata , and a hearing was held on July 22, 2016. On July *236 28, 2016, the district court rendered judgment in favor of Defendant, granting the exception of res judicata and dismissing the Petition with prejudice.
Plaintiff timely appealed, and this Court, in a prior opinion, held that Defendant failed to properly introduce the record of the lawsuit and the underlying judgment on the res judicata claim. Hoddinott v. Hoddinott , 16-1059 (La. App. 4 Cir. 4/19/17), 217 So.3d 540 (" Hoddinott I "). As a result, this Court vacated the judgment granting the exception and remanded the matter to the district court. On remand, a hearing was held on June 2, 2017. At the hearing, the entire record of the divorce proceedings was introduced by Defendant and admitted into evidence by the district court. Following the hearing, the district court granted the exception of res judicata , and rendered judgment on June 6, 2017. This appeal followed.
On appeal, Plaintiff essentially makes two arguments-the district court erred in failing to conduct an evidentiary hearing, and the district court erred in granting the exception of res judicata.
APPLICABLE LAW
Standard of review
The standard of review of an exception of res judicata requires an appellate court to determine if the trial court's decision is legally correct or incorrect. Bd. of Sup'rs of Louisiana State Univ. v. Dixie Brewing Co., Inc. , 14-0641, p. 6 (La. App. 4 Cir. 11/19/14), 154 So.3d 683, 688 (citations omitted).
Domestic abuse during the marriage
The legislature established statutory provisions to address domestic abuse during a marriage. At the time of this suit, La. C.C art. 103, as amended in 2014, allowed, except in the case of a covenant marriage, a divorce to be granted on the petition of a spouse upon proof that the other spouse "physically or sexually abused the spouse seeking divorce or a child of one of the spouses, regardless of whether the other spouse was prosecuted for the act of abuse." Additionally, La. C.C. art. 112(B) allowed a spouse, who had not been at fault prior to the filing of a petition for divorce and had been the victim of domestic abuse committed during the marriage, to be awarded final periodic support or a lump sum award, at the discretion of the court, in accordance with Subpart C of Article 112.[2] Subpart C(9) of Article 112 provided that one of the factors to be considered by the trial court to determine the amount and duration of final support was "the existence, effect, and duration of any act of domestic abuse committed by the other spouse upon the claimant, regardless of whether the other spouse was prosecuted for the act of domestic violence."[3]
Spousal Immunity- La. R.S. 9:291
Generally, spouses may not sue each other during the marriage, including filing suit seeking tort damages pursuant to La. C.C. 2315. La. R.S. 9:291 (footnote omitted) provides:
*237 Spouses may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code; or restitution of separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.
Res judicata
"The doctrine of res judicata precludes re-litigation of all causes of action arising out of the same transaction or occurrence that were the subject matter of a prior litigation between the same parties." Contogouris v. Ocean Therapy Sols. , LLC , 15-0472, p. 5 (La. App. 4 Cir. 1/27/16), 187 So.3d 18, 21 (citing Oliver v. Orleans Parish School Bd. , 14-0329, 14-0330, pp. 20-21 (La. 10/31/14), 156 So.3d 596 ). La. R.S. 13:4231, amended in 1990 and effective January 1, 1991, codified the res judicata principle:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
There are two aspects of res judicata embraced by La. R.S. 13:4231 which this Court has explained as follows:
Louisiana Revised Statute 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a res judicata judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided.
Maschek v. Cartemps USA , 04-1031, pp. 6-7 (La. App. 4 Cir. 2/16/05), 896 So.2d 1189, 1193 (quoting Stroscher v. Stroscher , 01-2769, pp. 6-7 (La. App. 1 Cir. 2/14/03), 845 So.2d 518, 525 (citing Certified Finance, Inc. , v. Cunard , 01-0797, p. 4 (La. App. 1 Cir. 4/17/02), 838 So.2d 1, 4 ) ).
In Oliver , the Supreme Court explained the impact of the 1990 amendment to La. R.S. 13:4231 :
As the Official Comments note, the 1990 amendment to La. R.S. 13:4231"makes a substantial change in the law," as under the prior statute, "a second cause of action would be barred by the defense of *238 res judicata only when the plaintiff seeks the same relief based on the same cause of action or grounds." Under the revised statute, "[t]he central inquiry is ... whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action." "This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence." This is in line with La. C.C.P. art. 425, which also now requires that a party "shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." The Comments to Article 425 explain that Article 425 was amended at the same time as the res judicata statute and "expands the scope" of the Article to reflect those changes made to the res judicata statute and to put "the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised." Similarly, La. C.C.P. art. 891 was also amended to include the same "transaction or occurrence" language, requiring that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and of the same material facts of, the transaction or occurrence that is the subject matter of the litigation."
Oliver , 14-0329, 14-330, pp. 20-21, 156 So.3d at 611-12 (footnotes omitted).
Louisiana Revised Statute 13:4232 sets forth exceptions to res judicata :[4]
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.
In Louisiana, the doctrine of res judicata is " 'stricti juris ; any doubt regarding the application of the doctrine must be resolved against its application.' " BBCL Enterprises, LLC v. Am. Alternative Ins. Corp. , 15-0469, p. 3 (La. App. 4 Cir. 2/3/16), 187 So.3d 65, 68 (quoting Bd. of Sup'rs of Louisiana State Univ. v. Dixie Brewing Co. , Inc. , 14-0641, p. 6 (La. App. 4 Cir. 11/19/14), 154 So.3d 683, 688 ). The burden is on the " 'exceptor to prove the essential elements [of res judicata ] by a preponderance of the evidence.' " Id. 15-0469, p. 4, 187 So.3d at 68 (quoting Igbokwe v. Moser , 12-1366, p. 4 (La. App. 4 Cir. 4/24/13), 116 So.3d 727, 730 ).
With these precepts in mind, we conduct a de novo review of the district court's judgment.
*239 DISCUSSION
Evidentiary hearing
Plaintiff contends the district court failed to conduct an evidentiary hearing as instructed by this Court in Hoddinott I. In Hoddinott I , this Court held that to determine the merits of an exception of res judicata , " 'the court must examine not only the pleadings of the case at hand but also the entire record in the first suit, to determine whether the availability of the particular form of relief sought in the second suit was actually ruled upon.' " Hoddinott I , 16-1059, p. 2, 217 So.3d at 541 (quoting Sewell v. Argonaut Southwest Ins. Co. , 362 So.2d 758, 760 (La.1978) ). Consequently, this Court vacated the district court's judgment granting the exception of res judicata and remanded the matter "[b]ecause the defendant/appellee failed to introduce the record of the lawsuit and judgment underlying his claim of res judicata into evidence at the hearing." Id. , 16-1059, p. 2, 217 So.3d at 542.
Following remand, the district court held a hearing at which Defendant introduced the entire record of the divorce proceedings. Finding that the district court complied with this Court's instructions in Hoddinott I , this claim lacks merit.
Elements of res judicata and exceptions to res judicata
Plaintiff asserts Defendant failed to prove the elements of res judicata.[5] Alternatively, Plaintiff urges that if res judicata was proven, the exceptional circumstances exception to res judicata set forth in La. R.S. 13:4232(A)(1) should be applied.
In Barrasso Usdin Kupperman Freeman & Darver, L.L.C. v. Burch , 14-1020, 14-1021, pp. 11-12 (La. App. 4 Cir. 3/18/15), 163 So.3d 201, 209, this Court explained the elements of res judicata as applied by Louisiana courts:
Based on the language of the statute [ La. R.S. 13:4231 ], established jurisprudence provides that the following five elements must be satisfied to determine that a second action is precluded by res judicata. The five elements are as follows: 1) the judgment is valid; 2) the judgment is final; 3) the parties are the same; 4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and 5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject of the first litigation. Chevron USA, Inc. v. State , 07-2469, p. 10 (La. 9/08/08), 993 So.2d 187, 194.
For purposes of res judicata , "a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice is given." Burguieres v. Pollingue , 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053 (citing La. R.S. 13:4231, cmt. d). "The Louisiana Civil Code expressly provides that a transaction or compromise between two or more parties, who by mutual consent adjust their differences to prevent or resolve a lawsuit, carries force equal to the authority of adjudicated disputes. La. C.C. art. 3071." Robbert v. Carroll , 97-0854, pp. 1-2 (La. App. 4 Cir. 9/10/97), 699 So.2d 1103, 1104 (citing Brown v. Simoneaux , 593 So.2d 939 (La. App. 4 Cir. 1992) ); See also , *240 Penton v. Castellano , 49,843, p. 9 (La. App. 2 Cir. 6/24/15), 169 So.3d 739, 746 (where the appellate court explained that the doctrine of res judicata applies to a compromise or settlement between parties and noted that "compromises have the legal efficacy of the thing adjudged."). In Oliver , the Supreme Court explained that the fact that claims were not actually litigated or adjudicated in a prior suit was irrelevant under "the 1991 amendment to La. R.S. 13:4231," as the test was "now whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the prior action." Oliver , 14-0329, p. 34 (La. 10/31/14), 156 So.3d at 619.[6] Furthermore, in Plaquemines Par. Gov't v. Getty Oil Co. , 95-2452, p. 6 (La. 5/21/96), 673 So.2d 1002, 1006 (citing Preston Oil Co. v. Transcontinental Gas Pipe Line Corp. , 594 So.2d 908, 913 (La. App. 1st Cir. 1991) ), the Supreme Court held that "[a] judgment, whether it results from the assent of the parties [consent judgment] or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law." In the case sub judice , the parties entered into a valid final judgment.
Moreover, Plaintiff's tort action against Defendant existed at the time of the domestic litigation. In Lonzo v. Lonzo , 17-0549, p. 5 (La. App. 4 Cir. 11/15/17), 231 So.3d 957, 962 n.5, this Court explained:
Under Louisiana law, one spouse has a valid tort cause of action against the other spouse; however, during the marriage, one spouse lacks a right of action against the other spouse because of La. R.S. 9:291. Smith v. Southern Farm Bureau Cas. Ins. Co. , 247 La. 695, 703, 174 So.2d 122, 125 (1965) (holding that "[t]he immunity created by LSA-R.S. 9:291 is not an exception to the creation of this substantive cause of action; it is merely a procedural bar to the wife's right to sue the husband personally."); Gremillion v. Caffey , 71 So.2d 670, 672 (La. App. 1st Cir. 1954) (noting that "[a] married woman has a cause of action for a tort arising during the marriage against her husband but no right of action." ); Duplechin v. Toce , 497 So.2d 763, 765 (La. App. 3d Cir. 1986) (noting that "[i]t is well settled that the interspousal immunity created by this statute [ La. R.S. 9:291 ] does not destroy any cause of action which one spouse might have against the other. The effect of this statute is to bar the right of action which one spouse has against the other for any such cause of action."). (emphasis added)
In Gremillion v. Caffey , 71 So.2d 670 (La. App. 1st Cir. 1954), a former wife sought damages against her former husband for assault and battery allegedly committed upon her by her former husband while they were legally separated but before their divorce was final. The district court sustained the husband's exception of no right and no cause of action. On appeal, the appellate court addressed the question whether "a woman who has obtained a final judgment of divorce can sue her husband for a tort committed on her person during the legal separation but prior to absolute divorce." Id. , 71 So.2d at 671. The appellate court, in answering the question in the affirmative and reversing the district court's ruling, held that the tort action against the husband was "created and granted under Article 2315... and existed upon the commission of the assault and battery," and the wife had a cause of action for a tort arising during the marriage *241 against her husband, but no right of action. Similarly, in the case sub judice , Plaintiff had a cause of action upon commission of the alleged abuse by Defendant; she was, however, prohibited-by no fault of her own, but rather pursuant to La. R.S. 9:291 -from bringing her suit for damages against Defendant until their divorce was final.[7]
In La. R.S. 13:4232(A)(1), the legislature provided relief "from the res judicata effect of the judgment" when exceptional circumstances are present. As will be discussed infra , such circumstances are present in this case.[8]
In Dixie Brewing Co., Inc. , this Court, in denying Dixie Brewing Company's request for relief from the district court's denial of its exception of res judicata , applied the exceptional circumstances exception to res judicata and explained:
The jurisprudence has recognized that the exception for exceptional circumstances, codified in La. R.S. 13:4232A(1), applies "to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system." Davis v. J.R. Logging , Inc. , 13-0568, p. 6 (La. App. 1 Cir. 11/8/13), 136 So.3d 828, 832 (citing McGregor v. Hospice Care of Louisiana in Baton Rouge , LLC , 09-1357, pp. 11-12 (La. App. 1st Cir. 2/12/10), 36 So.3d 272, 279 ).
* * *
In Simmons [v. Baumer Foods, Inc. , 09-1739, p. 9 (La.App. 4 Cir. 10/6/10), 55 So.3d 789, 794-95], supra , this court also noted:
There is statutory recognition that application of the doctrine of res judicata in all circumstances would be unfair. Specifically, La.Rev.Stat. 13:4232(A)(1) provides that a judgment does not bar another action by the plaintiff "[w]hen exceptional circumstances justify relief from the res judicata effect of the judgment." Moreover, the comments accompanying La.Rev.Stat. 13:4232 make clear that [t]his court has the authority under the statute to exercise its equitable discretion to balance the principle of res judicata with the interests of justice, although clearly "this discretion must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases...[.]"
Id.
* * *
Implicit in the concept of res judicata is that a party "had the opportunity to raise a claim in the first adjudication, but failed to do so." Jackson v. Iberia Parish Government , 98-1810, p. 9 (La. 4/16/99), 732 So.2d 517, 524.
Id. , 14-0641, pp. 10-12, 154 So.3d at 691-92.
In Oliver , the Supreme Court noted it had never "precisely delineated what constitutes 'exceptional circumstances' " for the purposes of avoiding the application of res judicata and looked to the *242 Restatement (Second) of Judgments, § 26 (1982) for examples of exceptional circumstances:
In Terrebonne Fuel & Lube, Inc. v. Placid Refining Co. , [95-0654 (La. 1/16/96), 666 So.2d 624], we considered res judicata in the context of a prior filed federal bankruptcy proceeding where there was an express reservation of rights in the Plan of Reorganization which authorized the plaintiff-debtor to pursue any claims it might have against other parties. Because of this express reservation of rights, the later filed state court suit was not barred by res judicata. In that case, in explaining that there were exceptions to the application of res judicata , we cited as examples of exceptional circumstances those found in the Restatement (Second) of Judgments, § 26 (1982), pp. 233-34: (a) where the parties have agreed that the plaintiff may split his claim, or the defendant has acquiesced therein; (b) the court in the first action has expressly reserved the plaintiff's right to maintain the second action; (c) there are restrictions on the subject matter jurisdiction of the courts; (d) the judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme; (e) for policy reasons; or (f) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for extraordinary reasons. While Terrebonne was decided under federal law, we noted in a footnote that the 1991 amendment adding La. R.S. 13:4232"was also enacted to include similar exceptions ... [.]"
Id. , 14-0329, 14-0330, p. 33, 156 So.3d at 618-19 (footnotes omitted).
In this case, there were "quirk[s] in the system" that procedurally barred Plaintiff from raising her tort action against her husband during the domestic litigation. Two procedurally exceptional circumstances, illustrated in the Restatement (Second) of Judgments, § 26 (1982), are present. Factor (c) of the Restatement provides that there are limitations on the subject matter jurisdiction of the courts. Here, the district court had subject matter jurisdiction over domestic relations matters only. See La. R.S. 13:1138 ;[9] Allen v. Allen , 13-2778 (La. 5/7/14), 145 So.3d 341.[10]
*243 Additionally, factor (f) of the Restatement provides that "[i]t is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for [ ] extraordinary reason[s]." At the time the Consent Judgment was entered into by the parties, La. R.S. 9:291 barred Plaintiff from suing Defendant for damages under La. C.C. art. 2315. See Lonzo , 17-0549, p. 5, 231 So.3d at 962 n.5, and Gremillion , 71 So.2d at 675 (where the court held that the judgment of divorce between the husband and wife "removed the relative incapacity of the [wife] to sue the [husband] for the tort he committed.").
This case compels the application of the exceptional circumstances exception to res judicata pursuant to La. R.S. 13:4232. " 'While res judicata is a useful tool, it should not be used as a scythe applied mechanically to mow down claims where the party asserting the claim is not at fault for the lack of adjudication of that claim in the first suit.' " Dixie Brewing Co. , Inc. , 14-0641, p. 18, 154 So.3d at 695 (quoting Terrebonne Fuel & Lube, Inc. v. Placid Refining Co. , 95-0654, pp. 19-20 (La. 1/16/96), 666 So.2d 624, 635 ).
Notwithstanding the application of the exceptional circumstances exception, the Consent Judgment does not support the dismissal of any future tort action filed under La. C.C. art. 2315. In Reed v. 7631 Burthe St. , LLC , 17-0476, pp. 10-11 (La. App. 4 Cir. 12/28/17), 234 So.3d 1201, 1208, the Court opined:
In Morris [Lee & Bayle , LLC v. Macquet , 14-1080, p. 14 (La.App. 4 Cir. 3/23/16), 192 So.3d 198, 208], this Court explained the applicable law for reviewing enforcement of a compromise agreement, writing in pertinent part:
[T]he trial court's judgment determining the existence, validity and scope of a compromise agreement depends on a finding of the parties' intent, which is an inherently factual finding. Feingerts [v. State Farm Mut. Auto. Ins. Co. ], 12-1598, 117 So.3d [1294] at 1297 [ (La.App. 4 Cir. 2013) ] ; see generally , Stobart v. State, Dept. of Transp. and Development , 617 So.2d 880, 882 (La.1993).
* * *
"The meaning and intent of the parties to the written contract when the words of the contract are clear, explicit, and lead to no absurd consequences must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. (citations omitted)." Olivier v. Xavier Univ. , 553 So.2d 1004, 1008 (La. App. 4 Cir. 1989).
Here, the first paragraph of the Consent Judgment references the domestic relations matters that were being settled in lieu of a hearing.[11] Additionally, the payment *244 for "rehabilitative spousal support" referenced in the Consent Judgment has been utilized in Louisiana cases in the context of an award of spousal support in domestic relations matters, not tort actions. See Fontana v. Fontana , 13-0916 (La. App. 4 Cir. 2/12/14), 136 So.3d 173 (where this Court used the term "rehabilitative spousal support" to reference spousal support).[12] Further, the language set forth in the Consent Judgment regarding dismissal of claims based on physical violence or abuse referenced specific domestic relations articles that allow relief for such abusive acts.[13] When a contract, or in this case a Consent Judgment, is "clear and explicit, no further interpretation may be made in search of the parties' intent." Terrick v. State ex rel. Dep't of Culture, Recreation & Tourism , 00-0822, p. 4 (La. App. 4 Cir. 3/21/01), 787 So.2d 350, 353 (citations omitted). A review of the four corners of the Consent Judgment demonstrates clear and explicit language that the parties intended to settle domestic relations matters only.
Accordingly, the district court erred in granting Defendant's exception of res judicata .
CONCLUSION
The district court's judgment granting Defendant's exception of res judicata is reversed, and the matter is remanded to the district court for further proceedings.
REVERSED; REMANDED
LOMBARD, J., DISSENTS WITH REASONS.
BELSOME, J., DISSENTS WITH REASONS.
DYSART, J., CONCURS WITH REASONS.
LEDET, J., CONCURS WITH REASONS.
I respectfully dissent.
The parties were married in 2001. After twelve years of marriage, Mr. Hoddinott filed for divorce. In response, Mrs. Hoddinott filed an amended reconventional demand for a divorce pursuant to La. Civ. Code art. 103(4) and final spousal support pursuant to La. Civ. Code art. 112(B), alleging thirteen incidents of domestic abuse.
As referenced by the majority, a specific and comprehensive statutory scheme has been enacted by the state legislature to address domestic abuse during marriage. Thus, a victim of spousal abuse shall be awarded either final periodic support or a lump sum award based on relevant factors, *245 including "[t]he existence, effect, and duration of any act of domestic abuse committed by the other spouse upon the claimant, regardless of whether the other spouse was prosecuted for the act of domestic violence. La. Civ. Code art. 112(C)(9). In the absence of a criminal conviction evidencing domestic abuse, the district court makes a determination regarding the existence and nature of domestic abuse. See La. Rev. Stat. 9:327(B). In this case, rather than litigating the issue of spousal abuse, the parties chose to enter into a consent judgment wherein Mrs. Hoddinott dismissed with prejudice any claims made for a divorce based on physical violence and domestic abuse and Mr. Hoddinott agreed to pay $4000 per month in rehabilitative spousal support for thirty-six months. The consent judgment provided in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that REGINALD K. HODDINOTT, III shall pay rehabilitative spousal support in the amount of $4000.00 per month to JO ELLEN SCHERNBECK BODDINGOTT beginning October 15, 2014. Said amount is payable on the fifteenth of each month.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the $4,000.00 per month in rehabilitative spousal support shall be paid by REGINALD K. HODDINOTT, III to JO ELLEN SCHERNBECK HODDINOTT for a period of thirty-six months beginning October 15, 2014. Said $4,000.00 per month in rehabilitative spousal support shall not be terminated, increased and/or decreased by either party for any reason whatsoever.
IT IS FURTHER ORDERED that any claims made pursuant to Art. 103(4) for a divorce based on physical violence and/or Art. 113 for interim support based upon an Art. 103(4) divorce based on physical violence are hereby dismissed with prejudice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any claims made pursuant to Art. 112 and La. R.S. 9:327 for final periodic spousal support based upon domestic abuse are hereby dismissed with prejudice.
Compromises and consent judgments are well-supported statutorily and jurisprudentially: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship," La. Civ. Code art. 3071, and, most specifically, a "compromise precludes the parties from bringing a subsequent action based upon the matter compromised." La. Civ. Code art. 3080. Compromises are favored in the law and the burden of proving the invalidity of a compromise is on the party attacking the agreement. Ellison v. Michelli, 513 So.2d 336, 339 (La. App. 4 Cir.1987). A consent judgment, which has the nature of a compromise, is "a bilateral contract" that allows the parties to "adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss." McDaniel v. McDaniel, 567 So.2d 748, 750 (La. App. 2 Cir. 1990) ; see also Blake v. Blake, 2016-1196 (La. App. 4 Cir. 9/20/17), 228 So.3d 223, 238, writ denied, 2017-2057 (La. 3/23/18), 239 So.3d 297 (upholding negotiated consent agreement that, in retrospect, appeared less favorable to former wife) (citing La. Civ. Code art. 3071 ; McDaniel v. McDaniel, supra ; DeSoto v. DeSoto, 694 So.2d 1043 (La. App. 5 Cir. 1997) (consent judgment may also have the nature of a compromise) ). Therefore, it "has binding force from the presumed voluntary acquiescence of the parties, not from adjudication by the court."
*246 Taylor v. Orleans Par. Sch. Bd., 2003-2023, p. 4 (La. App. 4 Cir. 9/1/04), 883 So.2d 449, 451 (citing Ritchey v. Azar, 383 So.2d 360 (La. 1980) ; Robbert v. Carroll, 97-0854 (La. App. 4 Cir. 9/10/97), 699 So.2d 1103 ("The Louisiana Civil Code expressly provides that a transaction or compromise between two or more parties, who by mutual consent adjust their differences to prevent or resolve a lawsuit, carries force equal to the authority of adjudicated disputes."); Adrian v. Adrian , 2015-419 (La. App. 3 Cir. 11/4/15), 178 So.3d 297, 301-02 ("A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law."). Because public policy favors compromises and the finality of settlements, Brown v. Drillers Inc., 93-1019 (La. 1/14/94), 630 So.2d 741, the doctrine of res judicata is designed to promote judicial efficiency and final resolution of disputes by precluding re-litigation of claims and issues arising out of the same factual circumstances. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, pp. 4-5 (La. 7/2/96), 676 So.2d 1077, 1079. Accordingly, compromise and the finality of settlement are both favored by public policy and claims resolved and dismissed by consent judgment are precluded from being re-litigated under the doctrine of res judicata.
The record in this case does not support a finding that res judicata was precluded by exceptional circumstances. Mrs. Hoddinott's instant lawsuit is based on the same allegations[1] of domestic abuse that she voluntarily dismissed with prejudice in the consent judgment wherein Mr. Hoddinott agreed to provide substantial "rehabilitative support." In Louisiana, although spouses are barred from pursuing torts claims during marriage, the legislative statutory scheme provides an alternative wherein an abused spouse may seek both a divorce and spousal support based on the same factual scenario as a potential tort action.
The issue here is not whether a plaintiff is precluded in all circumstances from filing a tort claim after a divorce but whether the district court in this case erred in finding that this plaintiff's claims were precluded under the doctrine of res judicata. The language of the consent judgment clearly indicates that Mrs. Hoddinott agreed to dismiss with prejudice her claims of physical violence and domestic abuse against her husband and that she received a substantial sum ($4000 for thirty-six months) in the form of "rehabilitative spousal support." This compromise was negotiated for Mrs. Hoddinott by competent counsel and she voluntarily entered into the consent judgment. When the language of a consent judgment is clear and explicit, no further interpretation may be made in search of the parties' intent. Therefore, I would affirm the judgment of the district court.
I respectfully dissent. Res judicata precludes the Plaintiff's tort lawsuit. In the initial divorce proceeding, the Defendant filed for divorce pursuant to La. C.C. art. 102 and the Plaintiff filed a reconventional demand for divorce, under Art. 103(4), alleging abuse. A consent judgment was reached wherein the spousal abuse claims were dismissed with prejudice, without a reservation of rights to bring another action. After the divorce was finalized, the Plaintiff filed a petition for damages alleging the same instances of abuse set out in the Art. 103(4) divorce petition and four *247 additional incidents that occurred prior to the signing of the consent judgment.
"Res judicata is an issue and claim preclusion device found both in federal law and state law." Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co. , 95-654, 95-671, p. 12 (La. 1/16/96), 666 So.2d 624, 631. "The purpose of both federal and state law on res judicata is essentially the same; to promote judicial efficiency and final resolution of disputes by preventing needless relitigation." Id.
La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. (emphasis supplied).
In addition, La. C.C.P. art. 425(A) provides:
A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.[1]
Admittedly, the legislature has carved out certain exceptions to the general res judicata rule, including exceptions related to divorce matters ("divorce exception"). See La. R.S. 13:4232[2] and La. C.C.P. art. 425(B).[3] However, the legislative comments concerning the divorce exception demonstrate that it applies only to divorce-related *248 matters that are commonly addressed after a final divorce is granted, such as community property, child support or spousal support.[4]
This case involves a tort suit, not an incidental matter to the divorce; therefore, the divorce exception does not apply. Moreover, despite the interspousal immunity doctrine, the cause of action in tort existed at the time of the signing of the consent judgment and involves the same claims asserted in the Art. 103(4) divorce petition.[5] Therefore, without the application of an exception to res judicata , the subsequent suit was barred.[6] Under these circumstances, the trial court was not manifestly erroneous in granting the defendant's exception of res judicata . Accordingly, I dissent from the majority and would affirm the trial court's ruling.
I concur in the conclusion that the trial court erred in granting the peremptory exception of res judicata. In my opinion, however, the majority's focus on there being an exceptional circumstance under La. R.S. 13:4232A(1), barring the exception of res judicata, is misplaced. In my opinion, we need only look to our jurisprudence on the elements of res judicata to determine that all elements are not present.[1] This Court, in Schiff v. Pollard , 16-0801, pp. 9-10 (La. App. 4 Cir. 6/28/17), 222 So.3d 867, 874, reiterated the well-settled rule that, pursuant to La. R.S. 13:4231, "a second action is precluded by res judicata when all of the following elements are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." (Citation omitted).
Here, all elements of res judicata are not present; more specifically, absent is a *249 showing that the cause of action in the second suit arose out of the transaction or occurrence that was the subject of the first litigation. There can be no question that the first suit was strictly a suit for divorce and matters related to the divorce (spousal support). It commenced with the September 3, 2013 filing by Mr. Hoddinott of a Petition for Divorce pursuant to La. C.C. art. 102, which provides for a divorce based on the parties' having lived separate and apart for the requisite time period. Ms. Hoddinott responded by filing a Reconventional Demand by which she, too, sought a divorce on Article 102 grounds, but also under La. C.C. art. 103(4), which provides for a divorce when," [d]uring the marriage, the other spouse physically or sexually abused the spouse seeking divorce or a child of one of the spouses, regardless of whether the other spouse was prosecuted for the act of abuse." It is clear that the Reconventional Demand sought one goal - to obtain a divorce from the defendant. The specific allegations of abuse cited in the Reconventional Demand did nothing more than set forth the grounds upon which the plaintiff sought a fault-based divorce. Nothing in the Reconventional Demand suggests that the plaintiff was asserting a cause of action sounding in tort or a demand for damages based on her alleged injuries (mental and physical).
When the parties entered into the Consent Judgment, it is clear that they were resolving their claims strictly with respect to the divorce and for the plaintiff's claims for support. In fact, as the first matter was filed and pending in the Domestic Relations Section of the Civil District Court for the Parish of Orleans pursuant to La. R.S. 13:1138, there was no jurisdiction for the trial court to hear a tort claim (or for there to be a jury trial). Moreover, there is nothing in the Consent Judgment which even mentions tort damages resulting from the alleged abuse which took place during the marriage. Accordingly, in my opinion, the cause of action in the second suit, sounding in tort, was not "the subject matter of the first litigation" (for divorce). On this basis, the trial court erred in granting the exception of res judicata.
Although I agree the trial court's judgment should be reversed, I would reach that result by finding the September 3, 2014, Consent Judgment does not encompass the tort claim asserted by Jo Schernbeck Hoddinott against her former husband, Reginald Hoddinott, III.[1] Indeed, the trial court's ruling, granting Mr. Hoddinott's peremptory exception of res judicata , is based on the finding that the Consent Judgment includes the tort claim because there was no reservation of rights to bring the tort claim.
The governing principle here is that "[a] compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised." La. C.C. art. 3080. A peremptory exception of res judicata is the proper procedural mechanism to assert the defense that a suit is barred by a compromise agreement.
*250 Brown v. Drillers, Inc. , 93-1019 (La. 1/14/94), 630 So.2d 741, 747, n. 7 (" Brown ").
Here, as in Brown , Ms. Hoddinott does not attack the validity of the compromise agreement-the Consent Judgment;[2] rather, she contends that it does not extend to her tort claim. Addressing a similar issue, the Louisiana Supreme Court in Brown enunciated the following four-prong test, derived from former La. C.C. art. 3073 (now La. C.C. art. 3076 ), for determining the scope of a compromise agreement:
1. Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties;
2. Whether it be explained in a general or particular manner;
3. Unless it be the necessary consequences of what is expressed; and
4. They do not extend to differences which the parties never intended to include in them.
Brown , 630 So.2d at 748 ; see also Maggio v. Parker , 17-1112, p. 3 (La. 6/27/18), 250 So.3d 874, 879-80, 2018 WL 3151456, *4 (citing Brown , 630 So.2d at 748 ) (observing that "[t]he compromise instrument is governed by the same general rules of construction applicable to contracts").
Applying the four-prong Brown test, the starting point is the language of the compromise agreement. Brown , 630 So.2d at 752. The pertinent language in the Consent Judgment is as follows:
• "[A]ny and all pending Rules, Motions, and/or Exceptions filed by either party regarding fault, co-habitation and spousal support are hereby dismissed with prejudice";
• "[A]ny claims made pursuant to Art. 103(4) for a divorce based on physical violence and/or Art. 113 for interim support based upon an Art. 103(4) divorce based on physical violence are hereby dismissed with prejudice"; and
• "[A]ny claims made pursuant to Art. 112 and La. R.S. 9:327 for final periodic spousal support based upon domestic abuse are hereby dismissed with prejudice."
The language of the Consent Judgment limits the claims released to those asserted under specific code articles and statutory provisions providing relief for spouses who were victims of domestic abuse- La. C.C. art. 103(4) providing for an immediate divorce; and arts. 112 and 113,[3] and La. R.S. 9:327 providing for interim and final periodic spousal support based on domestic abuse. As Ms. Hoddinott contends, "the inclusion of the code articles and statutes in the dismissal provisions was not superfluous; rather, it expressed an unequivocal intent to dismiss only the referenced causes of action."See Wolcott v. Trailways Lines, Inc. , 34,071, p. 7 (La. App. 2 Cir. 12/6/00), 774 So.2d 1054, 1058 (reasoning that "where there is specific language naming certain parties, there is a lack of intent to include those parties which are not named in the release").
In his brief filed in the prior appeal in this case, Mr. Hoddinott asserted two counter arguments, both based upon the reasoning set forth in Brown . His first counter argument was that although "the four corners of the Consent Judgment in *251 the present matter do not expressly release Mr. Hoddinott from any tort liability, the necessary consequence of the dismissal of her allegations of domestic abuse with prejudice would bar Ms. Schernbeck [Hoddinott] from asserting the exact same allegations in a tort claim for damages." (Emphasis supplied). The trial court, agreeing with Mr. Hoddinott, cited Ms. Hoddinott's failure to include in the Consent Judgment an express reservation of her right to file a tort claim. Imposing such a requirement on her, however, is contrary to the well-settled jurisprudential principle that "[t]he scope of a compromise cannot be extended by implication." Bd. of Sup'rs of Louisiana State Univ. v. Dixie Brewing Co., Inc. , 15-1053, p. 6 (La. App. 4 Cir. 9/1/16), 200 So.3d 977, 982 (citing Ortego v. State, Dept. of Transp. & Dev. , 96-1322, p. 7 (La. 2/25/97), 689 So.2d 1358, 1363 ).
Mr. Hoddinott's second counter argument was that the court was required to analyze the Consent Judgment as a whole to determine whether the parties comprehended, in light of the surrounding circumstances, a release of the tort claim when they executed the Consent Judgment. See Brown , 630 So.2d at 752. He emphasized that, under the terms of the Consent Judgment, he agreed to pay Ms. Hoddinott $4,000.00 per month in rehabilitative spousal support for a period of thirty-six months ($144,000.00 payable over three-years), which could not be terminated, increased, or decreased by either party for any reason whatsoever, in exchange for Ms. Hoddinott's dismissal of her claims based on physical violence and domestic abuse with prejudice. Mr. Hoddinott contended that he would receive no benefit from the Consent Judgment if the parties had intended to allow Ms. Hoddinott to assert a tort claim seeking damages for the exact same alleged injuries. Thus, he contended that a review of the terms of the Consent Judgment established that the parties intended to preclude any future litigation of the abuse allegations. I disagree.
Contrary to Mr. Hoddinott's contention, rehabilitative spousal support cannot be equated with tort damages.[4] An agreement to pay rehabilitative spousal support cannot, without more, be the basis for a finding of a waiver of a tort claim for domestic abuse.[5] Moreover, as Ms. Hoddinott pointed *252 out, Mr. Hoddinott received a benefit in that he was relieved from the obligation under the code articles and statutory provisions from paying interim and final spousal support.
For these reasons, I respectfully concur in the decision to reverse the trial court's judgment and remand.

La. C.C. art. 2315(A) provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

In 2018, the legislature revised Article 112. The substance of the article referenced by this Court is still applicable; the revised version provides the abused spouse "is presumed to be entitled to final periodic support."See 2018 La. Sess. Law Serv. Act 265 (H.B. 125) for full revision.

In the Consent Judgment, La. R.S. 9:327 was referenced. La. R.S. 9:327 provides that a court, when awarding final spousal support pursuant to Civil Code Article 112(B), may order an evaluation of both parties that may be used to assist the court in determining the existence and nature of the alleged domestic abuse.

The 1991 official comment of La. R.S. 13:4232 states that subpart (B) was added "to make it clear that failure to raise related causes of action in any of the specified actions will not result in the actions that were not urged being barred by the subsequent judgment, if that judgment is silent as to the actions in question."

Specifically, Plaintiff asserts Defendant failed to prove: (1) the Consent Judgment was valid; (2) the Consent Judgment was final; (3) the causes of action asserted in the Petition existed at the time the Consent Judgment was entered into; and (4) the parties were the same "acting in the same capacity in the first and second action." Plaintiff does not directly challenge that the alleged tort claims asserted in the Petition did not arise out of the same transaction and occurrence as the claims asserted in the domestic litigation.

As noted supra , La. R.S. 13:4231 was amended in 1990 and became effective January 1, 1991.

In Duplechin v. Toce , 497 So.2d 763, 765 (La. App. 3 Cir. 1986), a woman filed a personal injury action against her ex-husband for damages resulting from injuries inflicted during the marriage. The appellate court addressed the question of "whether the right of action [of the former wife] [was] forever barred as to causes of action arising during the marriage or whether, on the other hand, this statute [La. R.S. 9:291 ] merely suspend[ed] the cause of action until such time as the ... marriage end[ed] in divorce." The appellate court concluded once the marriage ended there was no basis for the prohibition of the women to sue her former husband.

As a result, whether the remaining elements of res judicata were proven by Defendant need not be addressed.

La. R.S. 13:1138(C)(1) provides that domestic relations matters shall include:
(a) Actions for divorce, annulment of marriage, establishment or disavowal of paternity of children, alimony, support of children, custody by habeas corpus or otherwise, visitation rights, and all matters incidental to any of the foregoing proceedings.
(b) The issuance, modification, or dissolution of conservatory writs for the protection of community property.
(c) The issuance of writs of fieri facias and garnishment under judgments for alimony, child support, and attorney fees, partition proceedings following divorce judgments, and suits for separation of property.

In Allen , 13-2778, p. 4, 145 So.3d at 344, the Supreme Court explained:
Subject matter jurisdiction is defined by the Louisiana Code of Civil Procedure as "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. As to the source of the family court's jurisdiction, the Louisiana Constitution provides that "[n]otwithstanding any contrary provisions of Section 16 of this Article, juvenile and family courts shall have jurisdiction as provided by law." La. Const. art. V, § 18. The Louisiana Constitution also states that "the legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of the community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage."La. Const. art. V, § 16. Finally, the Louisiana Constitution allows for the creation of courts of limited jurisdiction and for the creation of new divisions of a district court with limited jurisdiction ....

The first paragraph of the Consent Judgment provided:
This matter is set for hearing on September 3, 2014 on Plaintiffs Rule for Extinguishment [sic] of Spousal Support Obligation and Motion to Setforth [sic] Determination of Fault Petition for 102 Divorce with no Minor Children, Rule for Extinguishment [sic] of Spousal Support Obligation and Supplemental Rule to Determine Fault and Disallow Interim Spousal Support and Permanent Spousal Support predicated upon the Fault of Jo Ellen Schernbeck Hoddinott and Supplemental and Amended Rule for Extinguishment of Spousal Support Obligation Pursuant to Article 115 Louisiana Civil Code of Procedure, and Exceptions and the defendant's Motion to Set 103 (4) divorce for trial. Amended Answer and Reconventional Demand with Rule to Show Cause and Rule for Contempt. The parties hereby waive their presence in open court and wish to enter into the following settlement as set forth herein below and present same to the Court for signature, pursuant to La. Civ. C. Art. 3071.

See also , Arnold v. Arnold , 02-0819 (La. App. 1 Cir. 4/2/03), 843 So.2d 1167 ; Morel v. Morel, 11-1134 (La. App. 1 Cir. 2/13/12), 2012 WL 440397 (unpubl.); Fontenot-Swearengin v. Swearengin, 13-0174 (La. App. 1 Cir. 11/1/13), 2013 WL 5915233 (unpubl.); and Voyles v. Voyles , 04-1667 (La. App. 3 Cir. 5/4/05), 901 So.2d 1204. In McCarty v. McCarty , 98-2270 (La. App. 4 Cir. 3/31/99), 729 So.2d 1146, 1147 (citing Teasdel v. Teasdel , 493 So.2d 1165, 1166 n.1 (La. 1986) (overturned due to legislative action) ), this Court noted that there is no specific provision in Louisiana law for rehabilitative alimony. See also , Martin v. Martin , 573 So.2d 620 (La. App. 2 Cir. 1991). However, as discussed supra , Louisiana cases have referred to spousal support as "rehabilitative support" or "rehabilitative alimony."

The Consent Judgment referenced La. C.C. arts. 103(4), 112, 113 and La. R.S. 9:327.

To the extent that Mrs. Hoddinott's petition alleges new claims of financial abuse, she concedes that the community partition is still pending and, thus, financial claims appear premature.

The 1990 comment to La. C.C.P. art. 425 states:
This amendment expands the scope of this Article to reflect the changes made in the defense of res judicata and puts the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised.

Specifically, La. R.S. 13:4232 states:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.

La. C.C.P. art. 425(B) provides:
Paragraph A of this Article shall not apply to an action for divorce under Civil Code Article 102 or 103, an action for determination of incidental matters under Civil Code Article 105, an action for contributions to a spouse's education or training under Civil Code Article 121, and an action for partition of community property and settlement of claims between spouses under R.S. 9:2801.

E.g. , the 1991 comment to La. C.C.P. art. 425 points out that:
Paragraph B is added to this Article in order to make it clear that a party to a divorce action is not required to raise the actions commonly associated with divorce actions, such as claims for spousal and child support, in the divorce action itself. Such claims historically have been assertable after the divorce action has been concluded by judgment, and the added phrase makes it clear that this Article does not change the law in that respect.
See also , Newman v. Newman , 96-1062 (La. App. 1 Cir. 3/27/97), 691 So.2d 743 (where the First Circuit Court of Appeal noted that under La. C.C.P. art. 425"a party is not required to assert all causes of action arising out of the transaction or occurrence if the action is one for determination of incidental matters to divorce.").

Unlike occupational exposure cases, which present peculiar difficulties in determining when an injured plaintiff's cause of action accrues due to lengthy latency periods, this is a traditional tort case in which the damages allegedly resulted from specific and identifiable acts of abuse causing traumatic injury. See Becker v. Murphy Oil Corp. , 10-1519, p. 47 (La. App. 4 Cir. 6/2/11), 70 So.3d 885, 917.

La. R.S. 13:4232(A) states:
A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.

"Res judicata cannot be applied to preclude another action unless all the essential elements are present and each necessary element has been clearly established by the party invoking it." Myers v. Nat'l Union Fire Ins. Co. of Louisiana , 09-1517, p. 6 (La. App. 4 Cir. 5/19/10), 43 So.3d 207, 211.

On this narrow issue, the governing standard of review is de novo because the following principles apply here:
Whether a contract is ambiguous or not is a question of law.... When appellate review is not premised upon any factual findings made at the trial level, but instead is based upon an independent review and examination of the contract on its face, the manifest error rule does not apply. In such cases, appellate review of questions of law is simply whether the trial court was legally correct.
Amoco Prod. Co. v. Fina Oil & Chem. Co. , 95-1185, p. 13 (La. App. 1 Cir. 2/23/96), 670 So.2d 502, 511-12 (internal citations omitted).

Nor does Ms. Hoddinott dispute that the Consent Judgment is a valid compromise agreement. See La. C.C. art. 3071 (providing that "[a] compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship").

The Legislature this year amended both La. C.C. arts. 112 and 113. See 2018 La. Sess. Law Serv. Act 265 (H.B. 125).

As this court noted in Fontana v. Fontana , 13-0916, p. 16, n. 6 (La. App. 4 Cir. 2/12/14), 136 So.3d 173, 183, rehabilitative spousal support (or alimony) has been explained as follows:
Rehabilitative alimony is appropriate where the dependent spouse needs to improve his or her job skills in order to obtain a standard of living approaching that enjoyed by the parties during the marriage, and the spouse indicates a desire to enroll in an educational program to obtain job skills or intends to apply the alimony towards job training designed to lead to employment. Other circumstances that may justify an award of rehabilitative alimony include the fact that the requesting party sacrificed educational and employment opportunities during the marriage and was absent from the job market for a significant length of time.
Id. (quoting 24A Am.Jur.2d Divorce and Separation § 763 ).

In response to Mr. Hoddinott's attempt to equate rehabilitative spousal support to tort damages, Ms. Hoddinott, in her reply brief filed in the prior appeal in this case, noted the following:
[D]uring the legislative debate on what is now La. C.C. Art. 2315.8 (providing exemplary damages for certain acts of domestic abuse) and La. C.C. Art. 112 (providing mandatory final periodic spousal support for victims of domestic abuse), the Louisiana Legislature defeated and deleted a proposed provision which would have tied future tort claims to spousal support by mandating that the trial court consider the spousal support award in determining any subsequent award for exemplary damages based on domestic abuse. (See : SB 292 of 2014, Amendments Proposed by House Committee on Civil Law & Procedure to Reengrossed Senate Bill No. 292 by Senator Morrell, Amendment # 3.) Moreover, during this same legislative session, La. C.C. Art. 118 was passed and provided that failure to bring an action for divorce pursuant to La. C.C. Art. 103(4) or (5) or final support pursuant to Article 112(B) shall in no way affect the rights of the party to seek other remedies provided by law.
This year, however, the Louisiana Legislature repealed La. C.C. art. 118. See 2018 La. Sess. Law Serv. Act 265 (H.B. 125) (repealing La. C.C. art. 118 ).