VICTORY, J.
|, We granted this writ application to determine whether the family court divisions *343 of the Twenty-Second Judicial District Court, whose jurisdiction is limited to “family or juvenile matters,” have subject matter jurisdiction over partition proceedings involving divorcing spouses’ separate property. Finding these courts have subject matter jurisdiction over those matters, we reverse the judgment of the court of appeal and remand the case to the district court for further proceedings.
FACTS AND PROCEDURAL HISTORY
The proceeding below concerns actions between former spouses, Lange Allen and Susan Allen, for the partition of separately owned property, a 2008 Toyota Land Cruiser, and for restitution of separate property. The parties entered in a matrimonial agreement establishing a regime of separation of property before their marriage. The vehicle at issue was acquired during their marriage.
On July 20, 2011, Mr. Allen filed a petition for divorce from Mrs. Allen, and the case was allotted to Division “K,” a family court division of the Twenty-Second District Court. Mrs. Allen answered and reconvened, averring that a 2008 Toyota Land Cruiser was a gift to her from Mr. Allen, that she used the vehicle during the marriage, and that Mr. Allen possessed the vehicle.
|2Mr. Allen answered Mrs. Allen’s recon-ventional demand in the divorce proceedings and also filed a separate “Petition for Partition of Movable Property,” seeking only to partition the same vehicle, which he claimed was co-owned. In this separate suit, he made no mention of the divorce proceedings pending in the family court division. Mr. Allen’s partition proceeding was allotted to Division “B,” a general jurisdiction division of the Twenty-Second Judicial District Court. Mrs. Allen later filed an amended reconventional demand in the divorce proceeding seeking restitution of all of her separate property which she averred was still in Mr. Allen’s possession at the former matrimonial domicile. Mr. Allen’s partition proceeding was eventually transferred from Division “B” to Division “K” by Joint Motion and Order To Transfer Case.
Mr. Allen later filed exceptions in both proceedings, asserting that Division “K” lacked subject matter jurisdiction over claims for the partition and restitution of separate property. Mr. Allen urged that Division K only has jurisdiction over divorce, child custody, alimony, child support, and community property matters, all of which he claims are uniquely domestic matters. The family court denied those exceptions without assigning reasons. A five-judge panel of the First Circuit Court of Appeal, in a split decision, reversed the district court judgment and granted Mr. Allens’ exception of lack of subject matter jurisdiction, with two judges stating:
Concluding that the trial court erred in overruling Lange Walker Allen, II’s peremptory exceptions of lack of subject matter jurisdiction, we reverse the judgment of the trial court. We sustain Lange Walker Allen, II’s exception of lack of subject matter jurisdiction over his “Petition for Partition of Movable,” 22nd JDC docket no. 2011-15433. We ■ further sustain Lange Walker Allen, II’s exception of lack of subject matter jurisdiction over Susan Taylor Allen’s “Amended Reconventional Demand” for recovery of separately-owned furniture and household furnishings, filed in 22nd JDC docket no. 2011-14151. Per La. C.C.P. art. 3, “A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.” Accordingly, we | ¡¡conclude that all judgments and rulings *344 rendered pursuant to these actions are void, and we vacate them.
Further, we order the 22nd Judicial District Court to transfer these matters to divisions of general jurisdiction for further proceedings.
Allen v. Allen, 13-713 (La.App. 1 Cir. 7/15/13). One judge concurred, stating:
[DJespite the provision of LSA-Const. art. V, § 15(A) and LSA-R.S. 13:621:22 regarding the establishment of “subject matter jurisdiction over family or juvenile matters as provided by law,” no law has been established by the legislature to provide this subject matter jurisdiction for the 22nd JDC’s Divisions “K” and “L.”
Id. (Judge Parro concurring). Mrs. Allen filed a motion for rehearing, relying on a local rule of the court which specified the types of family matters which could be heard by Divisions “K” and “L,” and which included “property partitions and related proceedings and incidental matters that are associated with the dissolution of marriage.” Rehearing was denied in a 3-2 decision:
The District Court is without authority to establish its own jurisdiction by local rule. See Louisiana Code of Civil Procedure art. 193.
Further, since the family divisions of the Twenty-Second Judicial District Court lacked subject matter jurisdiction over the issues in dispute at the time the matter was transferred from Division “B” to Division “K,” the transfer was void, see La. C.C.P. art. 3, and violative of La. C.C.P. art. 253.1. See In re Elloie, 05-1499 (La.1/19/06), 921 So.2d 882, 898.
Additionally, even if the Twenty-Second Judicial District Court had authority to establish its own jurisdiction, 22nd JDC District Court Rule 23 as amended effective October 1, 2012 cannot be retroactively applied to the litigation at issue since the amended rule contains substantive amendments that can only be applied prospectively. See State in the Interest of H.W., 13-0231 (La.App. 1 Cir. 7/25/13), [121] So.3d [1200].
Allen v. Allen, 13-713 (La.App. 1 Cir. 10/25/13). We granted Mrs. Allen’s writ application to determine whether the family court divisions of the Twenty-Second JDC have jurisdiction over partition of the property at issue. Allen v. Allen, 13-CC-2778 (La.1/27/14), 130 So.3d 953.
|„DISCUSSION
Subject matter jurisdiction is defined by the Louisiana Code of Civil Procedure as “the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.” La. C.C.P. art. 2. As to the source of the family court’s jurisdiction, the Louisiana Constitution provides that “[notwithstanding any contrary provisions of Section 16 of this Article, juvenile and family courts shall have jurisdiction as provided by law.” La. Const, art. V, § 18. The Louisiana Constitution also states that “the legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of the community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage.” La. Const, art. V, § 16. Finally, the Louisiana Constitution allows for the creation of courts of limited jurisdiction and for the creation of new divisions of a district court with limited jurisdiction, as follows:
Section 15. (A) Court retention; Trial Courts of Limited Jurisdiction. The district, family, juvenile, parish, city, and *345 magistrate courts existing on the effective date of this constitution are retained. Subject to the limitations in Sections 16 and 21 of this Article, the legislature by law may abolish or merge trial courts of limited or specialized jurisdiction. The legislature by law may establish trial courts of limited jurisdiction with parishwide territorial jurisdiction and subject matter jurisdiction which shall be uniform throughout the state. Effective January 1, 2007, the legislature by law may establish new judgeships for district courts and establish the new divisions with limited or specialized jurisdiction within the territorial jurisdiction of the district court and subject matter jurisdiction over family or juvenile matters as provided by law. The office of city marshal is continued until the city court he serves is abolished.
La. Const, art. V, § 15(A). Pursuant to that constitutional provision, the Legislature enacted La. R.S. 13:621.22, creating two divisions of the Twenty-Second Judicial District with limited jurisdiction over “family or juvenile matters as provided by law.” |sThe statute provides as follows:
There is hereby created two additional district judgeships for the Twenty-Second Judicial District for the parishes of St. Tammany and Washington. The first additional judge herein provided for and his successors shall preside over Division K, which is hereby created for purposes of nomination and election only. The second additional judge herein provided for and his successors shall preside over Division L, which is hereby created for purposes of nomination and election only. The first additional judge and his successors from Division K shall be elected at large and shall have jurisdiction throughout the district. The subject matter jurisdiction of Division K is limited, under the provisions of Article V, Sectionl5(A) of the Constitution of Louisiana, to family or juvenile matters as provided by lato. The second additional judge and his successors from Division L shall be elected at large and shall have jurisdiction throughout the district. The subject matter jurisdiction of Division L is limited, under the provisions of Article V, Section 15 (A) of the Constitution of Louisiana, to family or juvenile matters as provided by law. Each of the two additional judges and each of their successors shall receive the same compensation and expense allowances, payable from the same sources and in the same manner, as are now or may hereafter by provided for other judges of the district.
La. R.S. 13:621:22(2)(A) (emphasis added).
The issue in this case is whether disputes between divorcing spouses over separate property are “family or juvenile matters as provided by law” under La. R.S. 13:621,22(2)(A). The phrase “family or juvenile matters as provided by law” is not defined by specific statute. While a further legislative enactment defining that phrase would have been helpful, it is not necessary, as the meaning of the statute can be determined using ordinary rules of statutory construction.[1]
*346 The rules of statutory construction are designed to ascertain and enforce the intent of the legislature. McLane Southern, Inc. v. Bridges, 11-1141 (La.1/24/12), 84 So.3d 479, 483; Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762, 766. It is a fundamental principle of statutory interpretation that “[w]hen a law is clear and | (¡unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature.” La. C.C. art. 9; McLane Southern, Inc., supra at 483; Conerly v. State, 97-0871 (La.7/8/98), 714 So.2d 709, 710-11. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the words of law must be given their generally prevailing meaning. La. C.C. arts. 10 and 11; Lockett v. State, Dept. of Transp. and Development, 03-1767 (La.2/25/04), 869 So.2d 87, 91; Ruiz v. Oniate, 97-2412 (La.5/19/98), 713 So.2d 442, 444. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole, and laws on the same subject matter must be interpreted in reference to each other. La. R.S. 1:3; La. C.C. arts. 12 and 13; Lockett, supra at 91. The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. In re Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122, 1128; Stogner, supra at 766. The statute must, therefore, be applied and interpreted in a manner that is consistent with logic and the presumed fair purpose and intention of the legislature in passing it. McLane Southern, Inc., supra at 483; Boyter, supra at 1129. Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. McLane Southern, Inc., supra at 483; Boyter, supra at 1129. It is likewise presumed that the intention of the legislative branch is to achieve a consistent body of law. Id.; Stogner, supra at 766.
 Guided by these rules, we look to ascertain the meaning of the phrase “family or juvenile matters as provided by law” in La. R.S. 13:621.22, which is undefined in 17that statute or any other. To do so, we must consider the law in its entirety and all other laws on the same subject matter and place a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. The obvious intent of the legislature was to create two divisions of the district court in the Twenty-Second JDC handling only family and juvenile matters. While La. R.S. 13:621.22 does not specify what those matters include, laws creating family courts in other judicial districts do. La. R.S. 13:1401[2] defines the jurisdiction of *347 the family court for the parish of East Baton Rouge to include “all actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime” and | «“all actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.” La. R.S. 13:1401(A)(2)(a) and (c).[3] In Spinosa v. Spinosa, 05-1935 (La.7/6/06), 934 So.2d 35, 44, we interpreted La. R.S. 13:1401 as providing “that the family court has exclusive jurisdiction over community property classifications and the partitioning of community and separate property.”[4] In addition, we look to La. R.S. 13:621.21, which created two new divisions of the Twenty-First Judicial District Court to handle “family matters.” That statute defines “family matters” to include “all actions arising under Titles V and VII of Book I and Title VI of Book III of the Louisiana Civil Code,” adoptions, actions involving protection from family violence, and actions for the enforcement, collection of support and paternity. La. R.S. 13:621.21 (A)(2) and (C)(2). Title VI of Book III is entitled “Matrimonial Regimes” and includes, among other things, all matters dealing with community and separate property. Likewise, the jurisdiction of the “domestic relations divisions” of the Orleans Parish Civil District Court is limited to “family matters as provided by law, including the domestic relations matters provided for in Subsection C of this Section.” La. R.S. 13:1138(B)(1). Pursuant to La. R.S. 13:1138(C)(1), domestic re *348 lations matters include, among other things, “[a]ctions for divorce, annulment of marriage, establishment or disavowal of paternity of children, alimony, support of children, custody by habeas corpus or otherwise, visitation rights, | nand all matters incidental to any of the foregoing proceedings” and “partition proceedings following divorce judgments, and suits for separation of property.” Considering laws on the same subject matter, under which all these other family courts would have jurisdiction over the partition of property upon divorce, whether community or separate, we can presume that the legislature intended that same jurisdiction in enacting La. R.S. 13:621.22. This is consistent with the Constitution’s directive that “the legislature by law may establish trial courts of limited jurisdiction with parish wide territorial jurisdiction and subject matter jurisdiction shall be uniform throughout the state.” La. Const, art. V, § 15(A).
*346 A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1) All actions for divorce, annulment of marriages, claims for contributions made by one spouse to the education or training of the other spouse, establishment or disavowal of the paternity of children, spousal and child support and nonsupport, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for *347 the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge.
(2)(a) All actions between spouses or former spouses for partition of community property and property acquired pursuant to a matrimonial regime.
(b) All actions for the termination or modification of a matrimonial regime.
(c) All actions for the settlement and enforcement of claims arising from matrimonial regimes or the establishment thereof.
(d) All actions between former spouses seeking the enforcement of a judicial or contractual settlement of claims provided in this Subsection.
(3) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
B. The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law.
*348 Further, we must interpret the statute in a manner that is consistent with logic and the presumed fair purpose and intention of the legislature in passing it. To interpret the statute to mean that the family court has subject matter jurisdiction over partition suits between spouses but only as far as their community property is concerned is inconsistent with logic, as part of a court’s job in a partition suit is to determine which property is community and which is separate. In addition, it is logical to assume that the purpose of the law was to have one forum determine all matters relating to divorce and the division of former spouses’ property; therefore, that purpose would be undermined if the parties had to go to a separate court to have certain of their property partitioned. This invites judicial inefficiency, would be inconvenient, and could lead to forum shopping. Particular to this case, for spouses in a separate property regime who are fighting over ownership of property upon divorce, we cannot believe that the legislature intended they go to the Division K or L for their divorce and related child custody matters, yet have to go to a division of the court with general subject matter jurisdiction for partition of separate property one of the parties claims is co-owned. Finally, while we acknowledge that a district court cannot establish its own jurisdiction through its local rules, Local Rule 23 of the [ 10Twenty-Second JDC does specifically list “matters heard on the Family Docket [of Divisions K and L]” to include “property partitions and related proceedings and incidental matters that are associated with the dissolution of marriages.”
CONCLUSION
While “family or juvenile matters as provided by law” is not defined in La. R.S. 13:621.22, we can interpret that phrase using ordinary rules of statutory construction. Considering that laws on the same subject matter clearly give other family courts in the state jurisdiction over actions between spouses for partition and restitution of separate property, we find that Divisions K and L of the Twenty-Second Judicial District Court also have jurisdiction over such matters. Further, it is logical and consistent with the intent of the legislature to have one forum determine all matters relating to divorce and division of former spouses’ property, regardless of whether the property is community or separate. Thus, the court of appeal erred in finding that the family court did not have subject matter jurisdiction in this case.
DECREE
For the reasons stated herein, the judgment of the court of appeal is reversed, the trial court judgment is reinstated, and the case is remanded to Division K of the *349 Twenty-Second Judicial District for further proceedings.
REVERSED AND REMANDED.
HUGHES, Justice, concurs with reasons.

. Nor is the lack of further enabling legislature fatal to the family court's jurisdiction, as alluded to by Judge Parro in his concurrence. As stated earlier, Judge Parro wrote separately to point out that despite the provisions of La. Const, art. V, § 15(A) and La R.S. 13:621.22 "regarding the establishment of 'subject matter jurisdiction over family or juvenile matters as provided by law,' no law has been established by the legislature to provide this subject matter jurisdiction for the Twenty-Second Judicial District Court’s Divisions 'K' and 'L.' ”

. La. R.S. 13:1401 provides in full:

. In Ransome v. Ransome, 99-1291 (La.App. 1 Cir. 1/21/00), 791 So.2d 120, 123, the First Circuit determined that the family court of East Baton Rouge Parish had jurisdiction over an action between former spouses seeking enforcement of a contractual settlement of claims, based on the intent of the legislature "which obviously has been to expand the jurisdiction of the Family Court to provide one forum to resolve disputes between spouses or former spouses which involve issues related to their marriage.”

. The Court in Spinosa made a statement that, the while the family court had jurisdiction to determine whether property held by a trust was community property, "[i]f it is found that the property she claims is not community, then the family court will no longer have before it claims against the Trust.” 934 So.2d at 47. The trust was brought in as a third party to the partition suit between former spouses. This was not a holding that a family court does not have jurisdiction to partition property found to be separate in a suit between spouses. The statement meant only that a family court does not have jurisdiction in a suit by a spouse against a third party where no community property is involved.