# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DARYL GAUDIN

VERSUS

ASPLUNDH TREE EXPERT CO.,
DONALD WILLIAMS, LLOYD
MONTGOMERY, AND LIBERTY
MUTUAL FIRE INSURANCE
COMPANY

NO.  2020 CW 0029

MAY 1 2 2020

---

In Re:   Donald Williams, Lloyd Montgomery, Asplundh Tree
         Expert Co. and Liberty Mutual Fire Insurance Company,
         applying for supervisory writs, 19th Judicial District
         Court, Parish of East Baton Rouge, No. 655451.

---

BEFORE:   McDONALD, McCLENDON, WELCH, HOLDRIDGE, AND CHUTZ, JJ.

**WRIT GRANTED.**   The district court's December 19, 2019 judgment granting the "Motion to Determine What 'Damages' are Included in Louisiana Revised Statute 9:2798.4" filed by plaintiff, Daryl Gaudin, is hereby reversed. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature." **Allen v. Allen,** 2013-2778 (La. 5/7/14), 145 So.3d 341, 346, citing La. Civ. Code art. 9. When its words are given their generally prevailing meaning, the language of La. R.S. 9:2798.4 demonstrates that the statute was intended to preclude the recovery of *all* damages, both general and special. This is consistent with the broad purpose of La. R.S. 9:2798.4. See **Townes v. Liberty Mut. Ins. Co.,** 2009-2110 (La. App. 1st Cir. 5/7/10), 41 So.3d 520, 527-28.   As such, the writ application is granted, and the "Motion to Determine What 'Damages' are Included in Louisiana Revised Statute 9:2798.4" filed by plaintiff, Daryl Gaudin, is denied.

**JMM
PMc
JEW**

**Holdridge and Chutz, JJ.,** dissent and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT