JENNIFER ARCURI

VERSUS

WALTER STEVENS, JR., ELIANA
DEFRANCESCH, IN HER CAPACITY AS
CLERK OF COURT FOR ST. JOHN THE
BAPTIST PARISH

NO. 23-CA-422

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 80,321, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

August 29, 2023

9:19 am

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, Robert A. Chaisson, John J. Molaison, Jr., and Scott U. Schlegel

**AFFIRMED**
**JJM**
**MEJ**
**RAC**

**DISSENTS WITH REASONS**
**JGG**
**SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JENNIFER ARCURI
 Ike Spears
 Kevin P. Klibert

COUNSEL FOR DEFENDANT/APPELLEE,
WALTER STEVENS, JR.
 Robert T. Garrity, Jr.
 Pierre W. Mouledoux

**MOLAISON, J.**

In this election challenge case, the plaintiff, Jennifer Arcuri, appeals the trial court's judgment dismissing with prejudice her petition objecting to the qualifications of the defendant, Walter Stevens, Jr., for the District 5 council seat in St. John the Baptist Parish ("St. John"). For the reasons that follow, we find that Mrs. Arcuri failed to meet her burden of proving that Mr. Stevens did not meet all qualifications to run for office, and affirm the ruling of the trial court.

## Procedural History

On August 10, 2023, Mr. Stevens filed his Notice of Candidacy for the October 14, 2023 election. On August 17, 2023, Ms. Arcuri filed a timely Objection to Candidacy and Petition to Disqualify Candidate alleging that Mr. Stevens had violated the provisions of La. R.S. 18:492. Her specific claim was that Mr. Stevens falsely represented on his Notice of Candidacy that he met all requirements for office, including the requirement of St. John's Home Rule Charter that a candidate for office must be a qualified voter in St. John the Baptist Parish for six months immediately prior to assuming office. The petition specifically alleged that, according to the Louisiana Secretary of State's Office, Mr. Stevens had only been a qualified voter in St. John since August 1, 2023, with his prior voter registration being in St. Charles Parish.

Mr. Stevens was timely served with the petition, and trial on the matter was held on August 21, 2023. On that same date, the trial court ruled from the bench upholding Mr. Stevens' candidacy. The trial court rendered a corresponding written judgment on August 22, 2023. This timely appeal followed.

## Assignment of error

On appeal, Ms. Arcuri contends that the trial court erred in finding that Mr. Stevens met all of the qualifications to run for office, which includes being a qualified voter in St. John Parish for six months immediately prior to assuming office, when he admitted he was not registered to vote in St. John the Baptist Parish until August 1, 2023.

## Law and analysis

The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. *Senegal v. Obafunwa*, 99-1449, 99-1450 (La. App. 3 Cir. 9/27/99), 745 So.2d 74, 76. Laws governing disqualification of candidates must be interpreted in a manner that gives the electorate the widest possible set of candidates and those laws must be construed so as to promote rather than defeat candidacy. *Deal v Perkins*, 22-1212 (La. 8/1/22), 347 So.3d 121, 135.

Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office. La. R.S. 18:451. In the instant case, Ms. Arcuri alleged in her petition that the basis for Mr. Stevens' disqualification is found in St. John's Home Rule Charter. Specifically, Part 1, Article III (A)(1)(a)(ii) of the charter provides, in relevant part that "[a]ll councilmembers shall be qualified voters of and shall have resided within the parish for a period of at least six months immediately preceding his assuming office and shall reside in and be qualified voters of their districts or divisions." As stated in her petition, Ms. Arcuri interprets this provision to mean that Mr. Stevens was required to have been a qualified voter in the district six months immediately preceding his assuming office. On appeal, Ms. Arcuri further elaborates on her argument:

> The presence of the preposition *of* after the term *qualified voter*, along with the emphasized conjunctive requires that a qualified candidate for parish council be both (1) a qualified voter of, (2) and resident in (3) the Parish, (4) for at least six months preceding his assuming office, and additionally (5) must reside in the particular district. (Emphasis in original).

In an election contest, the person objecting to the candidacy bears the burden of proving at trial that a candidate is disqualified by setting out a *prima facie* case. *Trosclair v. Joseph*, 14-675 (La. App. 5 Cir. 9/9/14), 150 So.3d 315, 317; *Lumar v. Lawson*, 20-251 (La. App. 5 Cir. 8/10/20), 301 So.3d 1243, 1249, *writ denied*, 20-994 (La. 8/13/20), 300 So.3d 868. Once the objector makes a *prima facie* showing that the grounds for disqualification exist, the burden shifts to the candidate to rebut that evidence. *Id*.

In the instant case the only evidence that Ms. Arcuri introduced at trial consisted of a document titled "Walter Stevens voting history." The document, which consists of a spreadsheet,[1] purports to show the district, precinct, parish and address of Mr. Stevens when he voted in various elections dating back to 2000. Notably, the document shows that Mr. Stevens registered to vote in St. John on August 1, 2023, listing his address as 56 Ridgewood Drive in LaPlace. While he did vote in St. Charles Parish on November 8, 2022, the document indicates that Mr. Stevens previously voted in St. John Parish from November 4, 2014, through November 3, 2020.

Mr. Stevens testified at trial he has lived at 56 Ridgewood Drive in LaPlace, which is within the voting district for St. John Parish's District 5 Council seat, since 2020, but has resided in St. John Parish since 2013. He admitted that he voted in St. Charles Parish in 2022, and stated that he had registered to vote in St. John Parish on August 1, 2023. To support his claim of residency, Mr. Stevens

---

[1] Plaintiff's counsel asserted that the document was from the Louisiana Secretary of State's office, but there is no indication of origin on the document itself. Counsel later surmised that Mr. Stevens had "authenticated" the document; however, a more accurate description would be that Mr. Stevens did not disagree with the voting information presented to him. This document does not meet the requirements to be considered to be self-authenticating as per La. C.E. art. 902. While Mr. Stevens did not object to the introduction of the document, we note that he is not an attorney and was self-represented at trial.

introduced several documents into evidence showing his 56 Ridgewood address, including a Notice of Rule to Show Cause in a civil proceeding; a credit card statement dated October 1, 2022; a Louisiana vehicle registration certificate dated November 15, 2022, and, a closing disclosure indicated that Mr. Stevens had sold a property in St. Rose, Louisiana on March 31, 2023.

After considering the evidence and testimony presented, the trial court opined:

THE COURT:

As to the factual matters in Mr. Stevens' rebuttal, he has successfully convinced me that he has resided in this parish for a period of at least six months prior to resuming [sic] his office. He has also successfully convinced me that he does reside there and is a qualified voter within District 5 at Ridgewood – 56 Ridgewood because, as of the date that he swore all of this, these were truths, facts peculiar to his life. It would be to the point that I would dismiss the petition filed by the objector and permit Mr. Stevens to continue on in his quest for that particular office.

In his written reasons for judgment, the trial judge further explained that "[a]t no point in the proceedings did Mrs. Arcuri provide objective evidence that Mr. Stevens did not live in St. John Parish for the requisite period required as a candidate and, as such, never made the necessary *prima facie* showing required to shift the burden of proof to the Defendant."

Statutory interpretations are a question of law. *Shell v. Wal–Mart Stores, Inc.*, 00-997 (La. App. 3 Cir. 3/21/01), 782 So.2d 1155, *writ denied*, 01-1149 (La.6/15/01), 793 So.2d 1244. When a statute is clear and unambiguous and the application of the statute does not lead to absurd consequences, the statute must be applied as written. *Smith v. St. Charles Par. Pub. Sch.*, 17-475 (La. App. 5 Cir. 5/1/18), 246 So. 3d 821, 826, *writ denied*, 2018-1001 (La. 10/8/18), 253 So. 3d 802. Appellate review regarding questions of law is simply a review of whether the trial court was legally correct or incorrect. *Anderson v. Dean*, 22-233 (La. App. 5 Cir. 7/25/22), 346 So.3d 356, 364. On legal issues, the appellate court gives no

special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law *de novo* and renders judgment on the record. *Id.* Concerning the assigned errors of fact, factual determinations are reviewed by the appellate court under the manifest error or clearly wrong standard of review. *Quintanilla v. Whitaker*, 21-160 (La. App. 5 Cir. 12/1/21), 334 So.3d 892, 893.

In our reading of the St. John's Home Rule Charter, Part 1, Article III (A)(1)(a)(ii), we find, as the trial court did, that the requirement for candidacy consists of two parts: that he or she reside within St. John Parish, within the relevant district, for six months before assuming office, and, that he or she be a qualified voter[2] within the district. Here, Mrs. Arcuri did not allege in her petition that Mr. Stevens failed to meet the residency requirement. Rather, she couched her claim in terms that a candidate for office must be a registered voter in St. John the Baptist Parish for six months immediately preceding assuming office, and Mr. Stevens only registered in the district on August 1, 2023.

We agree with the trial court that Mrs. Arcuri failed to make a *prima facie* case for Mr. Steven's disqualification sufficient to transfer the burden of proof to

---

[2] The term "qualified voter" is not defined in La. R.S. 18:101, nor does a definition appear elsewhere in the Election Code or in the St. John Parish Home Rule Charter. We interpret the term to mean "broadly related to being qualified to vote." *See, Deal v. Perkins*, 22-01212 (La. 8/1/22), 347 So.3d 121, 135.

him.[3] Nevertheless, we find that there is sufficient evidence in the record[4] to support Mr. Stevens' assertion that he had resided in the Council 5 district for more than six months before qualifying to run for office.

_____

[3] In making this determination, we have also considered provisions of the St. John Home Rule Charter which provide the qualifications for other elected offices and appointments within the parish. For example, Article III (B) related to the qualifications to run for Parish President of St. John Parish states:

> The parish president shall be a qualified voter of the parish and shall have resided within the parish for a period of two years immediately preceding his assuming office.

Article II, Section 2-20 provides:

> To be eligible for appointment or to serve as a member of the civil service board, a person shall be a citizen of the United States of America and shall be a qualified voter of the parish and shall have resided within the parish for a period of three years prior to his assuming office.

In our reading of these provisions, which do not contain the same ambiguity as Part 1, Article III (A)(1)(a)(ii), it becomes clear that the "qualified voter" requirement and the "residency" requirement are separate factors, with the time limitation only applicable to residency within the parish. To conclude otherwise would be interpretation of the council requirements without consideration of its counterparts.

If we were to apply Ms. Arcuri's suggested construction, then it could be interpreted to mean that while a candidate would not need to meet the residency requirement before qualifying (as long as the six months were attained after qualifying but before inauguration), the candidate would still be required to have completed a voter registration in St. John Parish six months before qualifying. Arguably this would be an absurd result.

As observed by the Louisiana Supreme Court in *Maw Enterprises, L.L.C. v. City of Marksville*, 14-0090 (La. 9/3/14), 149 So.3d 210, 218:

> The issue, in part, involves statutory construction, which is resolved by resort to well-settled rules. Those rules instruct that the meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. *Allen v. Allen*, 13-2778 (La. 5/7/14), 145 So.3d 341, citing *In re Succession of Boyter*, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1129; *Stogner v. Stogner*, 98-3044, p. 5 (La.7/7/99), 739 So.2d 762, 766. A statute must be applied and interpreted in a manner that is consistent with logic and the presumed fair purpose and intention of the legislature in passing it. *Id.* In construing legislation, it is presumed that the intention of the legislative branch is to achieve a consistent body of law. *Id.*

In reading related provisions of the St. John Parish Home Rule Charter in tandem with the one at issue, consistency would mean a distinct separation of voter registration and residency requirements. And while an argument can be made about the grammatical composition and placement of punctuation, we note the court's reasoning in *Louisiana Ins. Guar. Ass'n v. Guglielmo*, 276 So. 2d 720, 725 (La. Ct. App.), *writ denied*, 279 So.2d 690 (La. 1973), "in interpreting a statute, the courts are not bound by strict grammatical rules, but rather have the duty to determine true legislative intent. *Edwards v. Daigle*, 201 La. 622, 10 So.2d 209." It is well settled that in construing a statute niceties of grammatical rules and use of words, punctuation or placement of phrases may not be so strictly adhered to as to obscure the true meaning of the law and thwart the legislative intent. *Finn v. Employers' Liability Assurance Corporation*, 141 So.2d 852 (La. App. 2nd Cir. 1962) and cases therein cited.

[4] Ms. Arcuri objected generally to Mr. Stevens' exhibit D-1 on the basis that it appeared "to be documents relating to properties in St. Charles Parish." Ms. Arcuri did not specifically object to Exhibit D-2 (Mr. Stevens' truck registration), D-3 (Mr. Stevens credit card statement), and D-4 (a notice of a rule to show cause served upon Mr. Stevens at the 56 Ridgewood address.) After the trial court admitted Mr. Stevens' exhibits into evidence, Ms. Arcuri's counsel simply stated, "[n]ote objection."

**<u>Decree</u>**

For the foregoing reasons, and on the showing made, we find that Mrs. Arcuri failed to meet her burden of proving Mr. Stevens did not meet all requirements to run for office. Therefore, we hold that Judge Snowdy was not manifestly erroneous in upholding Mr. Stevens' candidacy. Accordingly, the judgment of the trial court is affirmed.

**<u>AFFIRMED</u>**

JENNIFER ARCURI                          NO. 23-CA-422

VERSUS                                   FIFTH CIRCUIT

WALTER STEVENS, JR., ELIANA              COURT OF APPEAL
DEFRANCESCH, IN HER CAPACITY
AS CLERK OF COURT FOR ST. JOHN           STATE OF LOUISIANA
THE BAPTIST PARISH


**GRAVOIS, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority's opinion which affirms the

dismissal of plaintiff, Jennifer Arcuri's, challenge to the candidacy of Mr. Stevens.

While I agree with the facts as represented in the majority opinion, the

opinion provides only a partial exposition on the law on statutory interpretation.

Conspicuously missing from the majority's consideration is this equally

important component of statutory interpretation:

> [I]t is presumed that every word, sentence, or provision in a law was
> intended to serve some useful purpose, that some effect is to be given
> to each such provision, and that no unnecessary words or provisions
> were employed. [internal citation omitted] As a result, courts are
> bound, if possible, to give effect to all parts of a statute and to
> construe no sentence, clause or word as meaningless and surplusage if
> a construction giving force to, and preserving, all words can
> legitimately be found.

*Moss v. State*, 05-1963 (La. 4/4/06), 925 So.2d 1185, 1196.

In my view, the majority's interpretation of the language in the St. John the

Baptist Home Rule Charter, Part 1, Article III (A)(1)(a)(ii), quoted hereafter, fails

to apply the above tenets to the pertinent language in the Home Rule Charter:

> [A]ll councilmembers shall be qualified voters of and shall have
> resided within the parish for a period of at least six months
> immediately preceding his assuming office and shall reside in and be
> qualified voters of their districts or divisions.

Rules of grammar govern statutory interpretation unless they contradict

legislative intent or purpose. *Marco Outdoor Advert., Inc. v. Dep't of*

*Transportation & Dev. By & Through Wilson*, 21-0123 (La. App. 1 Cir. 7/13/21),

329 So.3d 288, 301, *writ denied*, 21-01195 (La. 11/10/21), 326 So.3d 1247.

Moreover, the law shall be applied as written, and therefore, a court must give effect to the literal application of the language of a statute, including its grammatical construction, except in the rare case where such application will produce absurd or unreasonable results. *Pumphrey v. City of New Orleans*, 05-0979 (La. 4/4/06), 925 So.2d 1202, 1211.[5]

In the subject provision of the Home Rule Charter, there are two prepositions in the first part of the rule: "of" and "within". General rules of grammar demand that each preposition has an object. Accordingly, the object of the two prepositional phrases "qualified voters of" and "resided within" is "the parish". Further, the lack of any punctuation in this provision compels the conclusion that the phrase "for a period of at least six months" modifies both prepositional phrases equally, thus requiring the candidate to have been a qualified voter of the parish for at least six months immediately preceding his assuming office AND shall have resided within the parish for at least six months immediately preceding his assuming office. The majority's analysis ignores the preposition "of" following "qualified voters" in the first sentence, and therefore, I believe leads to the incorrect interpretation that the six-month period does not apply to the "qualified voters of" the Parish requirement.

Additionally, without reading the six-month time period as also pertaining to the "qualified voters of" the Parish requirement, the majority's interpretation of this provision could lead to the absurd result, in my opinion, that someone could run for and be elected to a parish council seat in St. John the Baptist Parish without even being a qualified voter of St. John the Baptist Parish until the time he assumes

---

[5] Punctuation as well as grammatical construction in general, although never relied upon to defeat the obvious intent, may operate as an aid in the construction and interpretation of the statute. *Joy v. City of St. Louis*, 138 U.S. 1, 32, 11 S.Ct. 243, 251, 34 L.Ed. 843 (1891).

office. I do not believe the drafters of the Home Rule Charter intended this absurd result.

In addition, if the drafters had not intended for the time element to apply to both the "qualified voters" status and the residency requirement within the Parish, then there would have been no reason for the drafters to restate the "qualified voters" requirement at the end of the provision when establishing a residency requirement within their districts or divisions. It is implicit that if one is a "qualified voter" within their district or division, they are a "qualified voter" within the Parish.

Finally, I disagree with the majority's position that the time element should apply only to the residency requirement based on its comparison to other provisions in the Home Rule Charter. The Legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. *Theriot v. Midland Risk Ins. Co*., 694 So.2d 184 (La. 1997). I believe that these provisions support my analysis because the enacting entity chose to exclude the time element in these other provisions, unlike the councilmember qualification provision. For example, Article III(B) of the Home Rule Charter related to the qualifications to run for Parish President of St. John Parish states:

> The parish president shall be a *qualified voter of the parish and* shall have resided within the parish for a period of two years immediately preceding his assuming office. [Emphasis added.]

The enacting body clearly chose to limit the time element to residency by placing "the parish" without the time element after "qualified voter of" in the first sentence. The enacting body could have easily incorporated this same language in the councilmember provision at issue, but chose not to do so. Courts are not free to rewrite laws to effect a purpose that is not otherwise expressed. *Cacamo v. Liberty Mut. Fire Ins. Co*., 99-3479 (La. 6/30/00), 764 So.2d 41, 44. Accordingly,

I do not agree that this Court can disregard the language as written in the Home Rule Charter provision at issue.

It is undisputed that on August 1, 2023, Mr. Stevens registered to vote in St. John the Baptist Parish after having been a registered voter in St. Charles Parish for the 2022 election cycle. Having admittedly been a registered voter in another parish as of July 31, 2023, Mr. Stevens cannot fulfill the Home Rule Charter's requirement for councilmembers that he have been a qualified voter of St. John the Baptist Parish for at least six months prior to assuming office, in the event that he is elected. Thus, because he has not fulfilled the requirements of La. R.S. 18:451[6] and the Home Rule Charter, I would reverse the judgment of the trial court and disqualify Mr. Stevens from the October 14, 2023 election for Parish Council, District 5, St. John the Baptist Parish.

---

[6] La. R.S. 18:451 provides:

A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office. In the event that the qualifications for an office include a residency or domicile requirement, a candidate shall meet the established length of residency or domicile as of the date of qualifying, notwithstanding any other provision of law to the contrary. No person, whether or not currently registered as a voter with the registrar of voters, shall become a candidate if he is under an order of imprisonment for conviction of a felony.

JENNIFER ARCURI                          NO. 23-CA-422

VERSUS                                   FIFTH CIRCUIT

WALTER STEVENS, JR., ELIANA              COURT OF APPEAL
DEFRANCESCH, IN HER CAPACITY
AS CLERK OF COURT FOR ST. JOHN           STATE OF LOUISIANA
THE BAPTIST PARISH


**SCHLEGEL, J., DISSENTS FOR THE REASONS ASSIGNED BY GRAVOIS, J.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**AUGUST 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-422

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
IKE SPEARS (APPELLANT)      KEVIN P. KLIBERT (APPELLANT)      ROBERT T. GARRITY, JR. (APPELLEE)

**MAILED**
WALTER STEVENS (APPELLEE)      PIERRE W. MOULEDOUX (APPELLEE)      LEANDRE M. MILLET (APPELLEE)
56 RIDGEWOOD DRIVE      ATTORNEY AT LAW      ASSISTANT DISTRICT ATTORNEY
LAPLACE, LA 70068      615 HICKORY AVENUE      FORTIETH JUDICIAL DISTRIST
      HARAHAN, LA 70123      PARISH OF ST. JOHN THE BAPTIST
      POST OFFICE BOX 399
      1342 HIGHWAY 44 RIVER ROAD
      RESERVE, LA 70084